UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AISHA NAMUWONGE, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BROOKDALE SENIOR LIVING, INC. and KRONOS, INC., <br><br> Defendants. | No. 1:19-cv-3239 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, Defendant Kronos Incorporated ("Kronos") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Kronos respectfully states as follows:

**I. BACKGROUND AND TIMELINESS**

1. On April 5, 2019, Plaintiff Aisha Namuwonge, individually, and on behalf of all others similarly situated ("Plaintiff"), initiated this civil lawsuit against Kronos and co-Defendant Brookdale Senior Living, Inc. ("Brookdale") in the Circuit Court of Cook County, Illinois, by filing a class action complaint captioned *Aisha Namuwonge v. Brookdale Senior Living, Inc. et al.*, No. 2019 CH 04411 (the "State Court Action").

2. Kronos was served with a copy of the summons and complaint in the State Court Action on April 12, 2019.

3. This Notice of Removal is timely filed because it is filed within thirty (30) days of the date that Kronos was served with the initial pleading in compliance with 28 U.S.C. § 1446(b)(1) and Fed. R. Civ. P. 6(a).

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5. In her Complaint, Plaintiff contends that Kronos and Brookdale both violate the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, in connection with Brookdale's use of "fingerprint" time clocks supplied by Kronos. (*See* Ex. 1, Compl. ¶¶ 1, 4, 32–33.)

6. Plaintiff alleges that "Brookdale uses an employee time tracking system supplied by Kronos that requires employees to use their fingerprint as a means of authentication." (*Id.* ¶ 33.) She claims that Defendants violate BIPA by failing to institute, maintain, and adhere to a publicly-available data retention policy (*id.* ¶¶ 72–80) and failing to procure informed consent from Brookdale employees "before acquiring their biometric data." (*Id.* ¶¶ 82–91.) Plaintiff also alleges that Brookdale unlawfully discloses its employees' "fingerprint data" to Kronos and that both Defendants unlawfully "disclose[] their fingerprint data to other, currently unknown third parties, which host the biometric data in their data centers" without their knowledge or consent. (*Id.* ¶¶ 34–35, 93–101.) Courts in this District have held that disclosure allegations similar to those alleged here are sufficient to allege a "concrete injury for Article III standing." *See, e.g.*, *Miller v. Southwest Airlines, Co.*, No. 18 CV 00086, 2018 WL 4030590, *1, 3 (N.D. Ill. Aug. 23, 2018) (allegation that "[t]o the extent Defendant . . . failed to obtain consent for any transmission to third parties of Plaintiffs' biometric information," sufficiently alleged "Article III standing.")

7. Based on these allegations, Plaintiffs bring three separate causes of action premised on violations of three of BIPA's substantive provisions: (1) 740 ILCS 14/15(a), which requires entities "in possession" of biometric data to publish a data retention policy (Ex. 1, Compl. ¶¶ 72–81); (2) 740 ILCS 14/15(b), which contains BIPA's notice and consent provisions (Ex. 1, Compl. ¶¶ 82–92); and (3) 740 ILCS 14/15(d), which bars disclosure of an individual's biometric data without consent. (Ex. 1, Compl. ¶¶ 93–102.)

8. BIPA provides that a prevailing party may recover, "against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater," and "against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater." 735 ILCS 14/20(1)–(2).

## II. REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

9. Pursuant to 28 U.S.C. § 1332(d), removal is proper because the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000 million, exclusive of interest and costs. 28 U.S.C. § 1332(d).[1] Here, all three conditions are satisfied.

10. Plaintiff's proposed class definition is: "All individuals working for Brookdale in the State of Illinois who had their fingerprints collected, captured, received, obtained, maintained, stored or disclosed by any Defendant during the applicable statutory period." (Ex. 1,

---

[1] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Kronos does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

Compl. ¶ 62.) Plaintiff alleges that Brookdale owns and operates "numerous locations in Illinois" (Ex 1., Compl. ¶ 2) and employs "hundreds of workers in the state of Illinois, many of whom are members of the class." (Ex. 1, Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues ("Class Cert. Motion") at 7, n. 1.) Indeed, Brookdale's publicly available website suggests it has 15 locations through the State of Illinois.[2] As alleged, the class consists of more than 100 members as required by 28 U.S.C. § 1332(d)(5)(B).

11. The parties in this action are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12. According to the allegations in the Complaint, Plaintiff is a natural person and a citizen of Illinois. (Ex. 1, Compl. ¶ 13.)

13. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *See* U.S.C. §1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Brookdale is a Delaware corporation with its principal place of business in Brentwood, Tennessee. (Ex. 1, Compl. ¶ 14; Ex. 2) (identifying principal executive offices on SEC quarterly report cover page). Kronos Incorporated is a Massachusetts corporation (Ex. 1, Compl. ¶ 15), with its principal place of business in Lowell, Massachusetts. (*See* Ex. 3) (identifying headquarters address on Massachusetts Secretary of Commonwealth website).

---

[2] *See* Brookdale Senior Living, Inc., *Find A Community*, https://www.brookdale.com/en/find-a-community.html?location=Illinois%2C+USA&distance=&loc= (search "Illinois") (last visited May 8, 2019).

14.  Because Plaintiff is a citizen of Illinois, Defendant Brookdale is a citizen of Delaware and Tennessee, and Defendant Kronos is a citizen of Massachusetts, "any member of [the class] of plaintiffs is a citizen of a State different from any defendant," and the parties are minimally diverse. 28 U.S.C. § 1332(d)(2)(A).

15.  Finally, the aggregate amount in controversy as pled by Plaintiff exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff alleges that each putative class member is entitled to $5,000 in statutory damages for each discrete instance in which the member scanned his or her finger using Brookdale's timekeeping system. (Ex. 1, Compl. ¶¶ 81, 92, 102, Prayer for Relief, ¶ C.) As established above, Plaintiff alleges that she brings this action on behalf of herself and "hundreds of workers in the state of Illinois." *Id.*, Class Cert. Motion at 7, n. 1. Even assuming Brookdale employed only 101 individuals in Illinois during the applicable statutory period, the amount in controversy would exceed $5 million. If each putative class member clocked in or out using the time clocks just ten times (equivalent to a single workweek), each would, per Plaintiff, be entitled to recover $50,000 from Kronos, for a total amount in controversy of $5,050,000.[3] Thus even under conservative assumptions, the amount in controversy in this matter far exceeds $5 million as required by 28 U.S.C. § 1332(d)(2).[4] *See, e.g., Bloomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . .

---

[3] 10 finger scans x $5,000 = $50,000 per employee; $50,000 x 101 employees = $5,050,000.

[4] Kronos denies violating BIPA or that Plaintiff has alleged an actionable violation of BIPA for each and every time she began and ended her work day. Such a result would conflict with a plain language interpretation of the statute. Nonetheless, for purposes of removal, Plaintiff's allegations and requested relief must be accepted as true in determining the amount in controversy.

. the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

16. Because it satisfies all requirements of 28 U.S.C. § 1332(d), this matter is removable under the Class Action Fairness Act of 2005.

### III. VENUE AND NOTICE

17. Venue is also proper in the Northern District of Illinois located in Chicago, Illinois, because the State Court action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

18. Kronos will provide written notice of the filing of this Notice of Removal to Plaintiff, Defendant Brookdale, and the Circuit Court of Cook County.

WHEREFORE, Defendant Kronos, Incorporated hereby removes this civil action to this Court based on diversity jurisdiction under the Class Action Fairness Act of 2005.

Dated: May 13, 2019                                KRONOS INCORPORATED

By: */s/ Erin Bolan Hines*
Melissa A. Siebert (*masiebert@shb.com*)
Erin Bolan Hines (*ehines@shb.com*)
Ian M. Hansen (*ihansen@shb.com*)
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
T) (312) 704-7700
F) (312) 558-1195

*Attorneys for Defendant, Kronos Incorporated*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via overnight delivery on May 13, 2019 to:

| | |
|---|---|
| Ryan F. Stephan | Joel C. Griswold |
| James B. Zouras | Bonnie Keane DelGobbo |
| Catherine T. Mitchell | Baker & Hostetler LLP |
| Stephan Zouras LLP | One N. Wacker Drive |
| 100 N. Riverside Plaza | Suite 4500 |
| Suite 2150 | Chicago, IL 60606 |
| Chicago, IL 60606 | |

/s/ *Erin Bolan Hines*