# Exhibit 1



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH04411 **SHERIFF NUMBER:** 03068677 **MULT. SER.:** 1 **DOC. TYPE:** CHAN

**DIE DATE:** 05/01/2019 **RECEIVED DATE:** 04/08/2019 **FILED DATE:** 04/08/2019 **DIST:** 604

| | |
|---|---|
| **DEFENDANT:** KRONOS INC | **PLAINTIFF:** NAMUWONGE, AISHA |
| **ADDRESS:** 208 S LASALLE | **ATTORNEY:** STEPHAN ZOURAS LLP |
| **CITY:** CHICAGO | **ADDRESS:** 208 N MICHIGAN 2560 |
| **STATE:** IL **ZIP CODE:** 60604 | **CITY:** CHICAGO |
| **ATTACHED FEE AMT:** | **STATE:** IL **ZIP CODE:** 60601 |
| **SERVICE INFORMATION:** R/A CT CORP | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE DAY OF __ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S./D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

**WRIT SERVED ON:** K. STARKS

**SEX:** F **RACE:** BL **AGE:** 40

**THIS** 12 **DAY OF** April 20 19

**TIME:** 1:03 PM

**ATTEMPTED SERVICES**
Date    Time    Star #

THOMAS J. DART,
SHERIFF, BY: /S/ HALL, JOSEPH #11158 , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH04411   **SHERIFF NUMBER:** 03068677   **MULT. SER.:** 1   **DOC. TYPE:** CHAN

**DIE DATE:** 05/01/2019   **RECEIVED DATE:** 04/08/2019   **FILED DATE:** 04/08/2019   **DIST:** 604

| Date | Time | Star # |
|------|------|--------|

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 8/8/2019 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
    Cook County, IL

FILED
4/5/2019 2:22 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04411

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| AISHA NAMUWONGE, individually, and on behalf of all others similarly situated, | ) )  ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.2019CH04411 ) |
| BROOKDALE SENIOR LIVING, INC. and KRONOS, INC. | ) ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Aisha Namuwonge ("Plaintiff" or "Namuwonge") individually and on behalf of all others similarly situated (the "Class"), by and through her attorneys, brings the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against Brookdale Senior Living, Inc. ("Brookdale") and Kronos, Inc. ("Kronos") (collectively, "Defendants"), their subsidiaries and affiliates, to redress and curtail Defendants' unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.    Defendant Kronos is a leading provider of human resource management software and services that is best known for helping hundreds of thousands of businesses track employee time and process payroll. Kronos provides timekeeping systems to thousands of Illinois employers, including Brookdale.

1

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

2.     Defendant Brookdale, is one of the largest owners and operators of senior living communities nationwide, with numerous locations in Illinois, including several locations throughout the Chicagoland area.

3.     When Brookdale hires an employee, he or she is enrolled in its Kronos employee database using a scan of his or her fingerprint to monitor the time worked by Brookdale hourly employees.

4.     While many employers use conventional methods for tracking time worked (such as ID badge swipes or punch clocks), Brookdale employees are required to have their fingerprints scanned by a biometric timekeeping device.

5.     Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Defendants' – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

6.     Unlike ID badges or time cards– which can be changed or replaced if stolen or compromised – fingerprints are unique, permanent biometric identifiers associated with each employee. This exposes Brookdale's employees to serious and irreversible privacy risks. For example, if a database containing fingerprints or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in the recent Google+, Equifax, Uber, Facebook/Cambridge Analytica, and Marriott data breaches or misuses – employees have **_no_** means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

7.     In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million

2

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.

8.      An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and a facial photograph – of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259f138.

9.      In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

10.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, specifically to regulate companies that collect, store and use Illinois citizens' biometrics, such as fingerprints.

11.     Notwithstanding the clear and unequivocal requirements of the law, Defendants disregard Brookdale employees' statutorily protected privacy rights and unlawfully collect, store, disseminate, and use employees' biometric data in violation of BIPA. Specifically, Defendants have violated and continue to violate BIPA because they did not and continue not to:

      a.      Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

FILED DATE: 4/5/2019 2:22 PM    2019CH04411

b.    Receive a written release from Plaintiff and others similarly situated to collect, store, or otherwise use their fingerprints, as required by BIPA;

c.    Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' fingerprints, as required by BIPA; and

d.    Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party as required by BIPA.

12.    Accordingly, Plaintiff seeks an Order: (1) declaring that Defendants' conduct violates BIPA; (2) requiring Defendants to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

13.    Plaintiff Aisha Namuwonge is a natural person and a resident of the State of Illinois.

14.    Defendant Brookdale Senior Living, Inc. is a corporation organized and existing under the laws of the State of Delaware. It is registered with the Illinois Secretary of State and conducts business in Illinois, including in Cook County.

15.    Defendant Kronos, Inc. is a corporation organized and existing under the laws of the State of Massachusetts. It is registered with the Illinois Secretary of State and conducts business in Illinois, including in Cook County.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209 because they conduct business transactions in Illinois, committed statutory violations and tortious acts in Illinois, and are registered to conduct business in Illinois.

17.    Venue is proper in Cook County because Defendants are authorized to conduct business in this State, Defendants conduct business transactions in Cook County, and Defendants committed the statutory violations alleged herein in Cook County and throughout Illinois.

4

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

## FACTUAL BACKGROUND

### I.    The Biometric Information Privacy Act

18.    In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

19.    In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

20.    Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

21.    Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS 14/20.

22.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

   a. Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

   b. Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

   c. Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

23.     BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

24.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and – most importantly here – fingerprints. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

25.     BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or

6

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

26.     BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

27.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at heightened risk for identity theft and left without any recourse.

28.     BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed.  Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

29.     Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

7

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

**II.     Defendants Violate the Biometric Information Privacy Act.**

30.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented using individuals' biometric data stopped doing so.

31.     However, Defendants failed to take note of the shift in Illinois law governing the collection, use and dissemination of biometric data. As a result, each Defendant continues to collect, store, use and disseminate Illinois employees' biometric data in violation of BIPA.

32.     Specifically, when employees are hired by Brookdale, they are required to have their fingerprints captured and stored to enroll them in its Kronos employee database(s).

33.     Brookdale uses an employee time tracking system supplied by Kronos that requires employees to use their fingerprint as a means of authentication. Unlike a traditional timeclock, all Brookdale hourly employees must use their fingerprints to clock-in and clock-out for attendance.

34.     Upon information and belief, Brookdale failed and continues to fail to inform its employees that they disclose or disclosed their fingerprint data to at least one out-of-state third-party vendor, Kronos; fails to inform their employees that they disclose their fingerprint data to other, currently unknown, third parties, which host the biometric data in their data centers; fails to inform their employees of the purposes and duration for which they collect their sensitive biometric data; and fail to obtain written releases from employees before collecting their fingerprints.

35.     Upon information and belief, Kronos fails to inform Brookdale employees that it discloses their fingerprint data to other, currently unknown third parties, which host the biometric data in their data centers; fails to inform Brookdale employees of the purposes and duration for which it collects their sensitive biometric data; and fails to obtain written releases from employees before collecting their fingerprints.

8

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

36.     Furthermore, each Defendant fails to provide employees with a written, publicly available policy identifying their retention schedules and guidelines for permanently destroying employees' fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by BIPA.

37.     In addition, Kronos profits from the use of employees' biometric data. For instance, Kronos markets its biometric time clocks to employers as superior options to traditional time clocks, which can be deceived by "buddy punching" – where one employee punches in to or out of a time clock for another (absent) employee. By marketing its clocks in this manner, Kronos obtains a competitive advantage over other time clock companies and secures profits from its use of biometric data, all while failing to comply with the minimum requirements for handling employees' biometric data established by BIPA.

38.     The Pay by Touch bankruptcy that catalyzed the passage of BIPA highlights why such conduct – where individuals are aware that they are providing a fingerprint but not aware to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as a fingerprint, who exactly is collecting their biometric data, where it will be transmitted and for what purposes, and for how long. Each Defendant disregards these obligations and these employees' statutory rights and instead unlawfully collect, store, use and disseminate their biometric identifiers and information, without ever receiving the individual's informed written consent required by BIPA.

39.     Upon information and belief, each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and have not and will not destroy Plaintiff's and other similarly-situated

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with each company.

40.     Brookdale employees are not told what might happen to their biometric data if and when either Defendant merges with another company or worse, if and when either Defendant's businesses folds, or when the other third parties that have received their biometric data businesses fold.

41.     Since Defendants neither publish a BIPA-mandated data-retention policy nor disclose the purposes for their collection and use of biometric data, Brookdale employees have no idea whether any Defendant sells, discloses, re-discloses, or otherwise disseminates their biometric data. Moreover, Plaintiff and others similarly situated are not told to whom any Defendant currently discloses their biometric data to, or what might happen to their biometric data in the event of a merger or a bankruptcy.

42.     These violations have raised a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

43.     By and through the actions detailed above, Defendants disregard Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

**III.     Plaintiff Veronica Namuwonge's Experience**

44.     Plaintiff Aisha Namuwonge works as a utility worker for Brookdale at its 1515 Barrington Rd., Hoffman Estates, IL 60169 location.  Plaintiff began working for Brookdale on or around February 11, 2019.

45.     As a condition of employment, Plaintiff *was required* to scan her fingerprint so Brookdale could use it as an authentication method to track her time.

46.     Brookdale subsequently stored Plaintiff's fingerprint data in its Kronos database(s).

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

47.     Plaintiff was required to scan her fingerprint each time she clocked in for work and clocked out of work.

48.     Plaintiff has never been informed of the specific limited purposes or length of time for which any Defendant collected, stored, used and/or disseminated her biometric data.

49.     Plaintiff has never been informed of any biometric data retention policy developed by any Defendant, nor has she ever been informed of whether any Defendant will ever permanently delete her biometric data.

50.     Plaintiff has never been provided with nor ever signed a written release allowing any Defendant to collect, store, use or disseminate her biometric data.

51.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by each Defendant's violations of BIPA as alleged herein.

52.     No amount of time or money can compensate Plaintiff if her biometric data is compromised by the lax procedures through which Defendants captured, stored, used, and disseminated her and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided her biometric data to Defendants if she had known that they would retain such information for an indefinite period of time without her consent.

53.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act"). Nonetheless, Plaintiff has been aggrieved because she suffered an injury-in-fact based on Defendants' violations of her legal rights. Defendants intentionally interfered with Plaintiff's right to possess and control her own sensitive biometric data. Additionally, Plaintiff

11

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

suffered an invasion of a legally protected interest when Defendants secured her personal and private biometric data at a time when they had no right to do so, a gross invasion of her right to privacy. BIPA protects employees like Namuwonge from this precise conduct. Defendants had no lawful right to secure this data or share it with third parties absent a specific legislative license to do so.

54.     Plaintiff's biometric information is economically valuable, and such value will increase as the commercialization of biometrics continues to grow. As such, Plaintiff was not sufficiently compensated by Defendants for their retention and use of her and other similarly-situated employees' biometric data. Plaintiff would not have agreed to work for Brookdale for the compensation she received if she had known that Defendants would retain her biometric data indefinitely.

55.     Plaintiff also suffered an informational injury because Defendants failed to provide her with information to which she was entitled by statute. Through BIPA, the Illinois legislature has created a right: an employee's right to receive certain information prior to an employer securing their highly personal, private and proprietary biometric data; and an injury – not receiving this extremely critical information.

56.     Plaintiff also suffered an injury in fact because Defendants improperly disseminated her biometric identifiers and/or biometric information to third parties that hosted the biometric data in their data centers, in violation of BIPA.

57.     Pursuant to 740 ILCS 14/15(b), Plaintiff was entitled to receive certain information prior to Defendants securing her biometric data; namely, information advising her of the specific limited purpose(s) and length of time for which Defendants collect, store, use and disseminate her private biometric data; information regarding Defendants' biometric retention policy; and, a

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

written release allowing Defendants to collect, store, use, and disseminate her private biometric data. By depriving Plaintiff of this information, Defendants injured her. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524 U.S. 11 (1998).

58.     Plaintiff has plausibly inferred actual and ongoing harm in the form of monetary damages for the value of the collection and retention of her biometric data; in the form of monetary damages by not obtaining additional compensation as a result of being denied access to material information about Defendants' policies and practices; in the form of the unauthorized disclosure of her confidential biometric data to third parties; in the form of interference with her right to control and possess her confidential biometric data; and, in the form of the continuous and ongoing exposure to substantial and irreversible loss of privacy.

59.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, she seeks statutory damages under BIPA as compensation for the injuries caused by Defendants. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

60.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, Plaintiff brings claims on her own behalf and as a representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

61.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it first (1) informs the individual in writing that a biometric identifier or biometric information is being collected or

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

stored; (2) informs the individual in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

62.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 § ILCS 5/2-801 for the following class of similarly-situated individuals under BIPA:

> All individuals working for Brookdale in the State of Illinois who had their fingerprints collected, captured, received, obtained, maintained, stored or disclosed by any Defendant during the applicable statutory period.

63.     This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

A.     The class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the class;

C.     The claims of the Plaintiff are typical of the claims of the class; and,

D.     The Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

64.     The total number of putative class members exceeds fifty (50) individuals.  The exact number of class members can easily be determined from Defendants' payroll records.

### Commonality

65.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendants' failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A.     Whether any Defendant collected, captured or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

14

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

B.      Whether any Defendant properly informed Plaintiff and the Class of their purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

C.      Whether any Defendant obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

D.      Whether any Defendant has disclosed or re-disclosed Plaintiff's and the Class's biometric identifiers or biometric information;

E.      Whether any Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

F.      Whether any Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction with the individual, whichever occurs first;

G.      Whether any Defendant complies with any such written policy (if one exists);

H.      Whether any Defendant used Plaintiff's and the Class's fingerprints to identify them;

I.       Whether any Defendant's violations of BIPA have raised a material risk that Plaintiff's biometric data will be unlawfully accessed by third parties;

J.       Whether the violations of BIPA were committed negligently; and

K.      Whether the violations of BIPA were committed intentionally and/or recklessly.

66.     Plaintiff anticipates that Defendants will raise defenses that are common to the class.

## Adequacy

67.     Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel that are competent in the prosecution of complex

FILED DATE: 4/5/2019 2:22 PM    2019CH04411

litigation and who have extensive experience acting as class counsel.

## Typicality

68.     The claims asserted by Plaintiff are typical of the class members she seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

69.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

## Predominance and Superiority

70.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

71.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action.

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

### FIRST CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

72.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

73.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

74.     Each Defendant fails to comply with these BIPA mandates.

75.     Defendant Brookdale is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

76.     Defendant Kronos is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

77.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants (in the form of their fingerprints), as explained in detail in Sections II and III, *supra. See* 740 ILCS § 14/10.

17

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

78.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

79.     Each Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

80.     Upon information and belief, each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and have not and will not destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

81.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## SECOND CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

82.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

83.     BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity

18

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject...in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject...in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information..." 740 ILCS 14/15(b) (emphasis added).

84.    Each Defendant fails to comply with these BIPA mandates.

85.    Defendant Brookdale is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

86.    Defendant Kronos is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

87.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

88.    Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

89.    Each Defendant systematically and automatically collected, used, stored and disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

90.    Each Defendant did not inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did any Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length

of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

91.     By collecting, storing, using and disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

92.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA  pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### THIRD CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent**

93.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

94.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

95.     Each Defendant fails to comply with this BIPA mandate.

96.     Defendant Brookdale is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

20

FILED DATE: 4/5/2019 2:22 PM 2019CH04411

97. Defendant Kronos is a corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

98. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

99. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

100. Each Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

101. By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

102. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

21

FILED DATE: 4/5/2019 2:22 PM 2019CH04411

## PRAYER FOR RELIEF

Wherefore, Plaintiff Aisha Namuwonge respectfully requests that this Court enter an

Order:

A.  Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Aisha Namuwonge as Class Representative, and appointing Stephan Zouras, LLP, as Class Counsel;

B.  Declaring that Defendants' actions, as set forth above, violate BIPA;

C.  Awarding statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D.  Declaring that Defendants' actions, as set forth above, were intentional or reckless;

E.  Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to collect, store, use, destroy and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

F.  Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G.  Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

H.  Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Date:  April 5, 2019                    Respectfully Submitted,

                                        */s/ Catherine T. Mitchell*
                                        Ryan F. Stephan
                                        James B. Zouras
                                        **STEPHAN ZOURAS, LLP**
                                        100 N. Riverside Plaza
                                        Suite 2150
                                        Chicago, Illinois 60606
                                        312.233.1550

FILED DATE: 4/5/2019 2:22 PM   2019CH04411

312.233.1560 *f*
cmitchell@stephanzouras.com
rstephan@stephanzouras.com
jzouras@stephanzouras.com
Firm ID: 43734

**ATTORNEYS FOR PLAINTIFF**

FILED DATE: 4/5/2019 2:22 PM    2019CH04411

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on April 5, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

_/s/ Catherine T. Mitchell_

Hearing Date: 4/22/2019 10:15 AM - 10:15 AM
Courtroom Number:
Location:

FILED
4/10/2019 2:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04411

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| AISHA NAMUWONGE, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 19-CH-04411 ) ) |
| BROOKDALE SENIOR LIVING, INC. and KRONOS, INC., | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

Plaintiff Aisha Namuwonge ("Namuwonge" or "Plaintiff") alleges that Defendants Brookdale Senior Living, Inc. ("Brookdale") and Kronos, Inc. ("Kronos") (collectively referred to as "Defendants") systematically violated the Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1, *et seq.* This case is well suited for class certification pursuant to 735 ILCS 5/2-801. Specifically, Plaintiff seeks to certify a class consisting of hundreds of former and current similarly-situated employees who worked for Brookdale in the State of Illinois who had their fingerprints unlawfully collected, used, stored and disclosed by Defendants during the applicable statutory period in violation of BIPA. The question of liability is a legal question that can be answered in one fell swoop. As Plaintiff's claims and the claims of similarly-situated individuals all arise from Defendants' uniform policies and practices, they satisfy the requirement of 735 ILCS 5/2-801 and should be certified.

Plaintiff moves for class certification to protect members of the proposed class, individuals whose proprietary and legally protected personal and private biometric data was invaded by

1

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

Defendants. Plaintiff believes that the evidence and argumentation submitted within this motion are sufficient to allow the class to be certified now. However, in the event the Court (or Defendants) wishes for the parties to undertake formal discovery prior to the Court's consideration of this motion, Plaintiff requests that the Court allow her to supplement this briefing and defer the response and reply deadlines.

## I.   RELEVANT BACKGROUND

### A.   The Biometric Information Privacy Act

Major national corporations started using Chicago and other locations in Illinois in the early 2000s to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became wary of this then-growing, yet unregulated, technology. *See* 740 ILCS 14/5.

The Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* was enacted in 2008, arising from concerns that these experimental uses of finger-scan technologies created a "very serious need of protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. Under the Act, it is unlawful for a private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless it first:

> (1) Informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) Informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) Receives a written release executed by the subject of the biometric identifier or biometric information."

FILED DATE: 4/10/2019 2:47 PM    2019CH04411

740 ILCS 14/15(b).

Although there may be benefits with using biometrics in the workplace, there are also serious risks. Unlike ID badges– which can be changed or replaced if stolen or compromised – fingerprints are a unique, permanent biometric identifier associated with each individual. These biometrics are biologically unique to the individual; once compromised, the individual has *no* means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this information. This exposes individuals to serious and irreversible privacy risks. For example, if a biometric database is hacked, breached, or otherwise exposed – as in the recent Equifax, Home Depot, Google+ and Facebook/Cambridge Analytica data breaches– individuals have no means to prevent the misappropriation and theft of their proprietary biometric makeup. A showing of actual damages is not necessary in order to state a claim under BIPA. When an entity "fails to adhere to the statutory procedures … the right of the individual to maintain [his or] her biometric privacy vanishes into thin air." *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 34 (internal quotations omitted) (quoting *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 953 (N.D. Cal. 2018)). Thus, recognizing the need to protect its citizens from harms like these, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

### B. Factual Allegations

Plaintiff filed this class action against Defendants on April 5, 2019, to redress Defendants' unlawful collection, use, storage, and disclosure of Defendants' employees' biometric information under BIPA. In her Complaint, Plaintiff provided detailed allegations that Brookdale employees were, and continue to be, universally required to scan their fingerprints for enrollment in an employee database(s) supplied by Kronos as a condition of their employment, but are not: (1)

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

provided a publicly available retention schedule or guidelines for permanent destruction of the biometric data by Defendants, as required by BIPA; (2) informed in writing of the purpose(s) and length of time for which their fingerprints are being collected and stored by Defendant, as required by BIPA; (3) provided (nor did they execute) a written release for Defendants before collecting and storing their fingerprints, as required by BIPA; or (4) asked for consent before disclosing, redisclosing, or otherwise disseminating their fingerprints, as required by BIPA. *See* Compl. ¶ 10.

Plaintiff works as a utility worker for Brookdale at its Hoffman Estates location, located at 1515 Barrington Road, Hoffman Estates, Illinois 60169. *Id.* ¶ 44. Plaintiff began working for Brookdale on or around February 11, 2019 *Id.* As a condition of employment with Brookdale, Plaintiff is required to scan her fingerprint each time she clocks in and out of work. *Id.* ¶ 45. Defendants subsequently stored Plaintiff's fingerprint data in their employee database(s). *Id.* ¶ 46.

However, Defendants failed and continue to fail to inform Plaintiff, and other employees, of the extent of the purposes for which they collect individuals' sensitive biometric data or to whom the data is disclosed. *Id.* ¶¶ 10, 31, 34, 79, 84. Defendants failed to provide Brookdale employees, including Plaintiff, with a written, publicly available policy identifying their retention schedule(s) and guidelines for permanently destroying individuals' biometric data when the initial purpose for collecting or obtaining their biometric data is no longer relevant, as required by BIPA. *Id.* ¶¶ 10, 34, 36, 77-78. Brookdale employees, including Plaintiff, are not told what might happen to their biometric data if and when either Defendant merges with another company or, worse, if and when either Defendant's entire businesses fold. *Id.* ¶ 37. Since Defendants neither publish a BIPA-mandated data retention policy nor disclose the purposes for their collection of biometric data, Brookdale employees, including Plaintiff, have no idea to whom Defendants sell, disclose, re-disclose, or otherwise disseminate their biometric data. *Id.* ¶¶ 10, 38. Nor are employees told to

4

whom Defendants currently disclose their biometric data or what might happen to their biometric data in the event of a merger or a bankruptcy. *Id.* ¶ 38. Finally, Defendants never secured a written release executed by any Brookdale employee, including Plaintiff, permitting them to collect and store employees' biometric data, as required by BIPA. *Id.* ¶¶ 10, 31, 47, 83.

Accordingly, Defendants' practices violated BIPA. As a result of Defendants' violations, Plaintiff and similarly-situated individuals were subject to Defendants' common and uniform policies and practices and were victims of their schemes to unlawfully collect, store, use, and disseminate Plaintiff's and all other similarly-situated individuals' biometric data in direct violation of BIPA. As a result of Defendants' multiple violations of BIPA, Plaintiff and all other similarly-situated individuals suffered an invasion of privacy and other damages.

Plaintiff now seeks class certification for the following similarly-situated individuals, defined as:

> All individuals working for Brookdale in the State of Illinois who had their fingerprints collected, captured, received, obtained, maintained, stored or disclosed by any Defendant during the applicable statutory period.

Given Defendants' standard practices defined above and the straightforward and common legal questions presented in this case, Plaintiff now moves for class certification. Notably, this motion is being filed shortly after the Complaint was filed and before any Defendant has responded. The parties have not discussed settlement, neither settlement offers nor demands have been made, and a scheduling order has not been issued. For the reasons discussed herein, Plaintiff's request should be granted.

## II.  STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App. (1st) 131465, ¶ 9 (Ill. App. Ct. May 8, 2015) (citing *Miner*

*v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (2007)). Under Section 2-801 of the Code of Civil Procedure, a class may be certified if the following four requirements are met:

(1) the class is so numerous that a joinder of all members is impracticable;

(2) there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

(3) the representative parties will fairly and adequately protect the interest of the class; and

(4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447 (2006) (citing 735 ILCS 5/2-801). Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate that the four certification factors are met.

## III.  ARGUMENT

Plaintiff's claims here are especially suited for class certification because Defendants treated all Brookdale employees identically for the purposes of applying BIPA. All of the putative class members in this case were uniformly subjected to the same illegal and unlawful collection, storage, use, and dissemination of their biometric data that was required as a condition of employment throughout the class period. Plaintiff meets each of the statutory requirements for maintenance of this suit as a class action. Moreover, in a recent BIPA case with nearly identical legal and factual issues as the instant matter, the court granted plaintiff's Motion for Class

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

Certification, finding that each of the four factors for class certification were met. *See* Exhibit A, *Roberson v. Symphony Post Acute Care Network*, Case No. 17-L-733 (Cir. Ct. St. Clair Cty., Mar. 12, 2019). Thus, the class action device is ideally suited and is far superior to burdening the Court with many individual lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

### A. The Class Is So Numerous That Joinder of All Members Is Impracticable.

Numerosity is not dependent on a plaintiff setting forth a precise number of class members or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008) ("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

In the present case, there can be no serious dispute that Plaintiff meets the numerosity requirement. The class of potential plaintiffs is sufficiently large to make joinder impracticable.[1] As a result of Defendants' violations of BIPA, Plaintiff and all similarly-situated individuals were subjected to Defendants' common and uniform policies and practices and were victims of Defendants' schemes to unlawfully collect, store, use, and disseminate their extremely personal

---

[1]     Upon information and belief, Defendants employ hundreds of workers in the state of Illinois, many of whom are members of the class.

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

and private biometric data in direct violation of BIPA. As a result of Defendants' violations of the Act, Plaintiff and all other similarly-situated individuals suffered an infringement of the rights afforded them under the law. *Rosenbach*, 2019 IL 123186, ¶ 38. The precise number of class members cannot be determined until discovery records are obtained from Defendants. Nevertheless, class membership can be easily determined by reviewing Defendants' records. A review of Defendants' files regarding the collection, storage, use, and dissemination of their employees' biometric data performed during the class period is all that is needed to determine membership in Plaintiff's proposed class. *See e.g., Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing Circuit Court's denial of class certification and holding that class was certifiable over defendant's objection that "the proposed class was not ascertainable, because the process of reviewing defendant's transaction files to determine class membership would be burdensome"); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539-40 (6th Cir. 2012)[2] (rejecting the argument that manual review of files should defeat certification, agreeing with district court's reasoning that, if manual review was a bar, "defendants against whom claims of wrongful conduct have been made could escape class-wide review due solely to the size of their businesses or the manner in which their business records were maintained," and citing numerous courts that are in agreement, including *Perez v. First Am. Title Ins. Co.*, 2009 WL 2486003, at *7 (D. Ariz. Aug. 12, 2009) ("Even if it takes a substantial amount of time to review files and determine who is eligible for the [denied] discount, that work can be done through discovery")). Once Defendants' records are obtained, the Court will know the precise number of persons affected.

---

[2]    "Section 2-801 is patterned after Rule 23 of the Federal Rules of Civil Procedure and, because of this close relationship between the state and federal provision, 'federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois.'" *Cruz*, 383 Ill. App. 3d at 761 (quoting *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill.2d 100, 125 (2005)).

FILED DATE: 4/10/2019 2:47 PM    2019CH04411

Absent certification of this class action, Brookdale employees may never know that their legal rights have been violated, and as a result, may never obtain the redress to which they are entitled under BIPA. Illinois courts have noted that denial of class certification where members of the putative class have no knowledge of the lawsuit may be the "equivalent of closing the door of justice" on the victims. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Assn.*, 198 Ill.App.3d 445, 452 (5th Dist. 1990). Further, recognizing the need to protect its citizens from harms such as identity theft, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, dissemination and destruction of biometric identifiers and information. A class action would help ensure that Plaintiff and all other similarly-situated individuals have a means of redress against Defendants for their widespread violations of BIPA.

**B.**     **Common Questions Of Law And Fact Exist That Predominate Over Any Questions Solely Affecting Individual Members Of The Class.**

Courts analyze commonality and predominance under Section 2-801 by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then becomes whether those issues will predominate and whether they are common to the class, meaning that "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class members." *Cruz*, 383 Ill. App. 3d at 773. As stated by the Court of Appeals, the question is will "common . . . issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes."

At the heart of this litigation is Defendants' culpable conduct under BIPA. The issues are simple and straightforward legal questions that plainly lend themselves to class-wide resolution. Notwithstanding the clear and unequivocal requirements of the law, Defendants disregarded Plaintiff's and other similarly-situated individuals' statutorily-protected privacy rights and

unlawfully collected, stored, used, and disseminated their biometric data in direct violation of BIPA. Specifically, Defendants have violated and continue to violate BIPA because they failed and continue to fail to: (1) provide a publicly available retention schedule or guidelines for permanent destruction of the biometric data by Defendants, as required by BIPA; (2) inform Plaintiff or the putative class in writing of the purpose(s) and length of time for which their fingerprints are being collected, stored, and used by Defendants; (3) provide (nor did they execute) a written release for Defendants to collect, store, or use their fingerprints, as required by BIPA; or (4) ask Plaintiff or the putative class for their consent before disclosing, redisclosing, or otherwise disseminating their fingerprint data to a third party, as required by BIPA. Defendants treated the entire proposed class in precisely the same manner, resulting in identical violations of BIPA. These common practices create common issues of law and fact. In fact, the legality of Defendants' collection, storage, use, and dissemination of Plaintiff's and the putative class's biometric data is the focus of this litigation.

Indeed, once this Court determines whether Defendants' practices of collecting, storing, using and disseminating individuals' biometric data without adhering to the specific requirements of BIPA constitutes violations thereof, liability for the claims of class members will be determined in one stroke. The material facts and issues of law are substantially the same for the members of the class, and therefore these common issues could be tried such that proof as to one claimant would be proof as to all members of the class. This alone establishes predominance. The only remaining questions will be the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class. A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act,

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act"). Accordingly, a favorable adjudication of the Plaintiff's claims in this case will establish a right of recovery to all other class members, and thus the commonality and predominance requirements weigh in favor of certification of the class.

### C.    The Named Plaintiff And Class Counsel Are Adequate Representatives Of The Class.

When evaluating adequacy, courts look to whether the named Plaintiff has the same interests as those of the class and whether he or she will fairly represent them. *See CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 16. In this case, Plaintiff's interest arises from statute. The class representative, Aisha Namuwonge, is a member of the proposed class and will fairly and adequately protect the class's interests. Plaintiff, as a condition of employment, was required to have her fingerprint scanned so Defendants could use it as an authentication method to track her time. Defendants subsequently stored Plaintiff's fingerprints in their employee database(s). Plaintiff has never been informed of the specific limited purposes (if any) or length of time for which any Defendant collected, stored, used, or disseminated her biometric data. Plaintiff has never been informed of any biometric data retention policy developed by any Defendant, nor has she ever been informed whether any Defendant will ever permanently delete her fingerprints. Finally, Plaintiff has never been provided, nor did she ever sign, a written release allowing any Defendant to collect, store, use, or disseminate her fingerprints. Thus, Plaintiff was a victim of the same uniform policies and practices of Defendants as the individuals she seeks to represent and is not seeking any relief that is potentially antagonistic to other members of the class. What is more, Plaintiff has the interests of those class members in mind, as demonstrated by her willingness to sue on a class-wide basis and step forward as the class representative, which subjects her to

discovery. *See* Exhibit B, Affidavit of Named Plaintiff Aisha Namuwonge. This qualifies her as a conscientious representative plaintiff and satisfies the adequacy of representation requirement.

Proposed Class Counsel, Stephan Zouras, LLP, will also fairly and adequately represent the class. Proposed Class Counsel are highly qualified and experienced attorneys. *See* Exhibit C, Affidavit of Catherine T. Mitchell, and the Firm Resume attached thereto as Exhibit C-1. Stephan Zouras, LLP, are recognized attorneys in class action lawsuits and have been designated as class counsel in numerous class actions in state and federal courts. *Id.* Thus, proposed Class Counsel, too, are adequate and have the ability and resources to manage this lawsuit.

**D.      A Class Action Is The Appropriate Method For Fair And Efficient Adjudication Of This Controversy.**

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corporation*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.*

Here, Plaintiff's claims stem from Defendants' common and uniform policies and practices, resulting in common violations of BIPA for all members of the class. Thus, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear dozens, if not hundreds, of additional individual cases raising identical questions of liability. Moreover, class members are

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all of these reasons, the class action is the most appropriate mechanism to adjudicate the claims in this case.

### E. In The Event The Court Or Defendants Seek More Factual Information Regarding This Motion, The Court Should Allow Supplemental And Deferred Briefing Following Discovery.

There is no meaningful need for discovery for the Court to certify a class in this matter; Defendants' practices and policies are uniform. If, however, the Court wishes for the Parties to engage in discovery, the Court should keep the instant motion pending during the discovery period, allow Plaintiff a supplemental brief, and defer Defendants' response and Plaintiff's reply. Plaintiff is moving as early as possible for class certification in part to avoid the "buy-off problem," which occurs when a defendant seeks to settle with a class representative on individual terms in an effort to moot the class claims asserted by the class representative. Plaintiff is also moving for class certification now because the class should be certified, and because no meaningful discovery is necessary to establish that fact. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiff's full arguments are set forth based on the facts known at this extremely early stage of litigation. Should the Court wish for more detailed factual information, the briefing schedule should be extended.

### IV. Conclusion

For the reasons stated above, Plaintiff respectfully requests that the Court enter an Order: (1) certifying Plaintiff's claims as a class action; (2) appointing Plaintiff Aisha Namuwonge as Class Representative; (3) appointing Stephan Zouras, LLP as Class Counsel; and (4) authorizing

court-facilitated notice of this class action to the class. In the alternative, this Court should allow discovery, allow Plaintiff to supplement this briefing, and defer response and reply briefs.

Date: April 10, 2019

Respectfully Submitted,

*/s/ Catherine T. Mitchell*
Catherine T. Mitchell
Ryan F. Stephan
James B. Zouras
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
cmitchell@stephanzouras.com
rstephan@stephanzouras.com
jzouras@stephanzouras.com
Firm ID: 43734

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on April 10, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Catherine T. Mitchell*

Hearing Date: 4/22/2019 10:15 AM - 10:15 AM
Courtroom Number:
Location:

FILED
4/10/2019 2:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04411

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

# Exhibit A

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

SAROYA ROBERSON, individually and on    )
behalf of all others similarly situated,    )
    )
Plaintiff,    )
    )    Case No. 17 -L- 733
v.    )
    )
SYMPHONY POST ACUTE CARE    )
NETWORK; SYMPHONY SYCAMORE    )
LLC; SYMPHONY HEALTHCARE LLC;    )
SYMPHONY M.L. LLC; SYMPHONY    )
MONARCH HOLDINGS, LLC; and DOE    )
DEFENDANTS 1-100,    )
    )
Defendants.    )

```
          FILED
     ST. CLAIR COUNTY

       MAR 1 2 2019

35                  CIRCUIT CLERK
```

## MEMORANDUM AND ORDER
## ON CLASS CERTIFICATION

The case comes before the Court on Plaintiff's Motion for Class Certification ("Motion").

The issues have been briefed and argued by the parties.[1] The Court hereby **ORDERS**:

**I.   NATURE OF THE CASE AND PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.**

Plaintiff Saroya Roberson worked at a nursing home in Swansea, Illinois. Plaintiff alleges

that as part of timekeeping while she worked at this location, Defendants and others captured

her biometric information or biometric identifiers (a palm scan) within the meaning of the

Illinois Biometric Privacy Information Act, 740 ILCS 14/1 ("BIPA"). Defendants' opposition brief

does not dispute Roberson's biometric information or biometric identifiers were so captured.

BIPA manifests the Illinois General Assembly's findings that:

---

[1] Arguments were heard on December 20, 2018 before Judge Julia R. Gomric. On February 8, 2019, after hearing, but before Judge Gomric ruled on the pending Motion for Class Certification, the court granted Symphony Sycamore LLC's Motion for Substitution as a Matter of Right, and this case was subsequently assigned to the undersigned. The court has reviewed the court file and report of proceedings held on December 20, 2018 and is ready to proceed without the need for additional hearing.

1

FILED DATE: 4/10/2019 2:47 PM  2019CH04411

(1) Biometrics are uniquely sensitive identifiers. "Biometrics are unlike other unique identifiers . . . [and] are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS § 14/5(c).

(2) Biometric technology is a new frontier subject to unpredictable developments. "The full ramifications of biometric technology are not fully known." *Id.* at § 14/5(f).

(3) People are apprehensive of transactions involving their biometrics. The "overwhelming majority of members of the public are weary of the use of biometrics when such information is tied to finances and other personal information" and are "deterred from partaking in biometric identifier-facilitated transactions." *Id.* at § 14/5(d)-(e).

(4) Regulation of biometric collection, use, and storage serves the public interest. The "public welfare, security and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." *Id.* at § 14/5(g).

Accordingly, BIPA puts certain requirements on parties dealing with biometric identifiers or biometric information, including:

(b) No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/5(b) (2018).

2

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

Plaintiff alleges none of these requirements were met when capturing her biometric information. Defendants' opposition to the Motion does not dispute this.

BIPA further provides a right of action for violations of its requirements:

> Sec. 20. Right of action. Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court . . . against an offending party. A prevailing party may recover for each violation:
>
> (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater;
>
> (2) against a private entity that intentionally violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater; . . . .

740 ILCS 14/20 (2018). Plaintiff brought this action pursuant to these and other provisions of BIPA.

Plaintiff alleges the Swansea, Illinois location where her biometric identifiers were captured is part of a network, the Symphony Post Acute Network ("SPAN" or the "Network"). She seeks to certify a class of Illinois citizens who had their biometric information or biometric identifiers captured, collected, *etc.* at any Illinois location in the Network (and associated subclasses discussed below):

> All Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois at any location associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*
>
> Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, the judge or any officer of the court presiding over this action.

**II.     LAW REGARDING A DETERMINATION OF CLASS CERTIFICATION.**

"In determining whether to certify a proposed class, the trial court . . . should avoid

3

deciding the underlying merits of the case or resolving unsettled legal questions." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465 (2015), ¶ 9. "In making its decision as to whether to certify a class, the court may consider any matters of fact or law properly presented by the record, which includes the pleadings, depositions, affidavits, answers to interrogatories, and any evidence that may be adduced at the hearings." *Bueker*, 2016 IL App (5th) 150282 at ¶ 22. "To determine whether the proposed class should be certified, the court accepts the allegations of the complaint as true." *Clark*, 343 Ill. App. 3d at 544-45. *See also CD Design*, 2015 IL App (1st) 131465 at ¶ 9 ("In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true . . . ."); *S37 Mgmt.*, 2011 IL App (1st) 102496 at ¶ 15 (same).

The factors which the Court must consider on a motion for class certification are the familiar framework established by statute. For a suit to proceed as a class action in Illinois, the Court must find that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class, which predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy. 735 ILCS 5/2-801 (2018). *See also e.g. Clark, et al. v. TAP Pharm. Prods., Inc., et al.*, 343 Ill. App. 3d 538, 544-45 (5th Dist. 2003).

## III. FIRST FACTOR: NUMEROSITY (735 ILCS 5-2/801(1)).

Section 801(1) requires not only that the number of plaintiffs be numerous, but also that joinder of plaintiffs in one individual action be impractical. 735 ILCS 5/2-801(1). Where there are a number of potential claimants, and the individual amount claimed by each is small,

4

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

making redress on an individual level difficult, if not impossible, Illinois courts have been particularly receptive to proceeding on a class action basis. *Miner v. Gillette Co.*, 87 Ill.2d 7 (1981). Avoiding unnecessary burdens on the courts themselves is also a legitimate concern. "Affirming the trial court's class certification order will avoid the filing of numerous, repetitive cases placing a burden on the court." *Fakhoury v. Pappas*, 395 Ill. App. 3d 302, 316 (1st Dist. 2009).

Plaintiff states that Defendants have identified, at a minimum, 552 workers who would be members of the class from the Swansea, Illinois location alone. Defendants' opposition to the Motion does not dispute this; in fact, Defendants' opposition does not mention numerosity at all. Accordingly, the Court finds that the numerosity factor is satisfied. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. and Loan Ass'n*, 198 Ill. App. 3d 445 (5th Dist. 1990).

## IV.    SECOND FACTOR: COMMON AND PREDOMINANT ISSUES OF FACT OR LAW (735 ILCS 5-2/801(2)).

Section 801(2) requires "questions of fact or law common to the class." 735 ILCS 5/2-801(2) (2018). As the statute is phrased in the alternative, certification requires "only that there be either a predominating common issue of law or fact, not both." *Martin v. Heinold Commodities, Inc.*, 117 Ill.2d 67, 81 (1994).

Plaintiff suggests that a case presents common issues when defendants have engaged in the same or similar course of conduct, and that this is particularly true where – as here – the claims are based predominantly upon the application of a single statute or statutory scheme. "A common question may be shown when the claims of the individual class members are based upon the common application of a statute . . . ." *Clark*, 343 Ill. App. 3d at 548. *See also Bueker*, 2016 IL App (5th) 150282, ¶ 27 ("With regard to the commonality requirement, a common issue

5

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

may be shown where the claims of the individual class members are based upon the common application of a statute or where the proposed class members are aggrieved by the same or similar conduct or pattern of conduct."); *Hall*, 376 Ill. App. 3d at 831 (same).[2]  Defendants' opposition to the Motion did not dispute this general premise.

Thus, according to Plaintiff, "Examination quickly establishes that commonality is easily satisfied in this case.  All class members are citizens of Illinois.  All are proceeding principally under a single Illinois statute, BIPA.  Each was subjected to an identical course of conduct by defendants:  The capture of their biometric information."

Plaintiff further goes on to enumerate specific questions of law or fact which she states will predominate:

   a.   Whether the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class?

   b.   If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants inform the Plaintiff and the Class in writing that a biometric identifier or biometric information was being collected or stored?

   c.   If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants inform the Plaintiff and the Class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used?

   d.   If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants receive a written release executed by the Plaintiff and the Class of the biometric identifier or biometric information or the Plaintiff's or Class' legally

---

[2] Bearing in mind that the court does not consider the merits at this stage, see *supra,* the Court also does not consider which class members will ultimately prevail.  "That some members of the class are not entitled to relief because of some particular factor will not bar the class action." *Clark*, 343 Ill. App. 3d at 549.  *See also Hall*, 376 Ill. App. 3d at 831-32 ("That some members of the class are not entitled to relief will not bar the class action.").

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

authorized representative?

e.     If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

f.     Whether Defendants' violations of BIPA were negligent, or instead, intentional or reckless, within the meaning of 740 ILCS 14/20?

Thus, Plaintiff summarizes: "Defendants' compliance with the requirements of BIPA – a single statutory scheme – is the central question in this case. This same question will predominate for each and every class member."

Defendants argue that common questions do not predominate in this case. Defendants assert that "'The purpose of the predominance requirement is to ensure that the proposed class is sufficiently cohesive to warrant adjudication by representation . . .' *Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 448 (2006)." According to Defendants, to satisfy this predominance requirement, a plaintiff must show that "successful adjudication of the class representative's individual claim 'will establish a right of recovery in other class members' such that 'all that should remain is for other class members to file proof of their claim., *Id.* (quotation omitted); *see also Mashal v. City of Chicago*, 2012 IL 112341, ¶33 (same)."

Defendants then go on to provide a list of issues they claim defeat commonality and predominance in this case:

a.     whether a class member used the same type of "finger or hand print reader/scanner" that Roberson used,

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

b.  whether a class member has suffered a sufficient injury to invoke BIPA's private right of action,

c.  whether a class member has suffered actual injury such that actual damages could be recovered in excess of the BIPA's liquidated damages,

d.  whether that injury exceeds the liquidated damages provision in BIPA,

e.  whether that injury was suffered at the hands of any person or business that is in fact "associated with the Symphony Post-Acute Care Network, a/k/a Symphony Post-Acute Network,"

f.  whether that entity acted negligently or willfully with respect to that particular class member,

g.  whether that class member's claim is subject to any affirmative defenses, like consent or ratification.

First, since the hearing on Plaintiff's Motion on December 20, 2018, the Supreme Court of Illinois has ruled that "an individual need not allege some injury or adverse effect, beyond violation of this or her right under [BIPA], in order to qualify as an 'aggrieved' person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act." *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, slip op. at p.13 (Ill. Jan. 25, 2019).  As such, many of the arguments raised above are moot.

Moreover, it is well-established that by themselves, such issues do not defeat class certification.  "Individual questions of injury and damages do not defeat class certification." *Clark*, 343 Ill. App. 3d at 549.  *See also Hall*, 376 Ill. App. 3d at 832 (same).  At most, if damage questions do present significant issues, they can be handled in ancillary proceedings.  "It is appropriate to litigate the questions of law or fact common to all members of the class and, after the determination of the common questions, to determine in an ancillary proceeding or proceedings the questions that may be peculiar to individual class members." *Clark*, 343 Ill.

8

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

App. 3d at 548 (internal quotations omitted).  In fact, Defendants' own cited authority establishes that these differences (if true) are generally not grounds to defeat class certification.  *Walczak v. Onyx Acceptance Corp.,* 365 Ill. App. 3d 664, 679 (2nd Dist. 2006). ("Moreover, we note that, generally, individual counterclaims or defenses do not render a case unsuitable for class action.")

More broadly, Defendants' characterization of the common issues in this case, and which of them will predominate, is questionable.  *Smith* was a toxic tort case involving a train derailment, and then a resulting chemical spill, with all the attenuated questions as to proximate causation of bodily injury resulting from a complicated series of events.  *Smith,* 233 Ill.2d 442-58.  This is not that case.  This case involves a single statutory scheme – BIPA – and the issues presented can be summarized in a straightforward way:  Did the Network capture biometric information from members of the class, and if so, did they comply with BIPA while doing so?  These questions are what will consume "the bulk of the time at trial."  *Smith,* 233 Ill.2d at 458.

That BIPA's straightforward, statutory requirements may have been met in some cases, but not others, does not preclude class certification, as Defendants suggest.  First, this invites the Court to determine the merits of the case, which the Court does not do at this stage, as has already been established.

Second, the fact that some class members may recover, but not all, is no impediment to class certification.  "That some members of the class are not entitled to relief because of some particular factor will not bar the class action."  *Clark,* 343 Ill. App. 3d at 549.  *See also Hall,* 376 Ill. App. 3d at 831-32 ("That some members of the class are not entitled to relief will not bar the

class action.").

Third, the flexibility of the class action procedure ensures that even if the issues Defendants raise do become significant at some future point in time, the Court has the ability to address such matters then. "If individual damage determinations are necessary, the court can utilize various procedures to determine damages, including the creation of subclasses." *Bueker*, 2016 IL App (5th), ¶ 31 (citing *Hall*, 376 Ill. App. 3d at 832). "Furthermore, if the class becomes unmanageable at some later time in the litigation, the court always has the option to set aside the class certification or a portion of it." *Id.* (citing *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill.App.3d 1069, 1075 (1st Dist. 1988)).

Finally, while the Court finds that common questions of fact or law will predominate this case as a whole, it alternately finds that issue certification would be appropriate as well. Even in cases involving the most complex questions of injury or damages – and again, this is not that case, as it arises under a single simple statute – classes may be certified as to issues, such as legal issues, or the issue of liability. Even the cases Defendants themselves cite recognize this. *See e.g. Smith*, 223 Ill.2d at 457 ("the trial court in this case did not limit class certification to the issue of liability . . . ."); *Bueker*, 2016 IL App (5th) 150282, ¶ 34 (courts have the ability to limit certification for liability purposes only). Thus, in the alternative, the commonality and predominance of legal and liability issues in this case demonstrate it is also appropriately suited for certification as to common legal issues, and to issues concerning liability.

## V.  THIRD FACTOR: ADEQUATE REPRESENTATION OF THE INTERESTS OF THE CLASS (735 ILCS 5-2/801(3)).

Section 801(3) requires that the "representative parties will fairly and adequately protect the interests of the class." 735 ILCS 5/2-801(2) (2018). Adequate representation has

10

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

two components: (1) adequacy of the named Plaintiff; and (2) adequacy of the named Plaintiff's attorneys. *See Miner v. Gillette Co.*, 87 Ill.2d 7 (1981). As Defendant posits, "[t]he purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *Walczak*, 365 Ill. App. 3d at 678.

Defendants do not argue that Plaintiff's attorneys are inadequate. Accordingly, the Court accepts that they will provide proper, efficient, and appropriate protection of the interests of the class in presenting the claims.

Defendants do, however, challenge the adequacy of Plaintiff Roberson. The principal argument made by Defendants is that the interests of Roberson are antagonistic to those of the class, as class members may want to seek a monetary award, and that (according to Defendants) during her deposition Roberson disclaimed any intention of seeking a monetary recovery.

This is wholly unpersuasive. Plaintiff, by way of her pleadings, discovery responses, statements of her attorneys, and otherwise, has made it abundantly clear on multiple occasions that she seeks a monetary recovery in this action, not only on her own behalf, but also on behalf of the other class members. Her deposition responses did not contradict that. In fact, Plaintiff stated she wants the law (BIPA) enforced, and BIPA expressly provides for monetary awards.

The rest of Defendants' adequacy arguments are much in the same vein. Quizzing Plaintiff on what she understands about Defendants' corporate structure, or how the law interprets "injury" or "damages," does nothing to demonstrate Plaintiff's inadequacy as a class

11

representative, as it does nothing to show that Plaintiff is either antagonistic to the class or will fail to properly pursue the interests of the class. It merely demonstrates that Plaintiff, a layperson, does not understand the intricacies of the law or lawsuits. But that is why a representative is – not only encouraged, but outright *required* – to hire effective legal counsel.

In short, the quantum of understanding necessary on the part of a representative is not nearly as complex as Defendants would have it. "The plaintiff class representative need only have a marginal familiarity with the facts of his case and does not need to understand the legal theories upon which his case is based to a greater extent." *Clark*, 343 Ill. App. 3d at 550-51 (internal quotations omitted). The Court finds that the adequacy of representation requirement is fulfilled in this case.

## VI.  FOURTH FACTOR: THE CLASS ACTION PROCEDURE IS THE APPROPRIATE METHOD FOR THE FAIR AND EFFICIENT ADJUDICATION OF THE CONTROVERSY (735 ILCS 5-2/801(4)).

Finally, the fourth statutory factor requires the Court to consider whether "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(d) (2018). The balance of Defendants' remaining arguments are entered on this factor.

One of these arguments centers around who was Plaintiff's employer. Defendants seem to invest this with independent legal significance. But this was already addressed in the context of Defendants' § 2-615 motion to dismiss. The terms "employer" and "employee" appear nowhere in BIPA, nor do any related terms. In fact, BIPA expressly contemplates many circumstances well outside the employment context, such as "finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14-5(b) (2018).

Accordingly, dividing the world up into "Employer Defendants" and "Non-Employer

12

FILED DATE: 4/10/2019 2:47 PM  2019CH04411

Defendants" is meaningless for purposes of BIPA liability, which applies to any "private entity" (740 ILCS 14/10-15 (2018)) who constitutes an "offending party" (740 ILCS 14-20 (2018)).

To the extent Defendants' argument asks this Court to first construe those terms, and then to apply them to the facts of this case, the Court must decline. This involves disputed issues of fact, going to the merits of the case, and/or unsettled legal issues. As previously established, it is not the province of the Court to decide these issues on a motion to certify a class. Nor will the Court render an advisory opinion. Indeed, issues like this weigh affirmatively in *favor* of class certification, as they will be common questions to which any affected class member will seek an answer – no matter what that answer may be.

Much the same is true for Defendants' other arguments, which may be broadly classified as "corporate liability." Defendants claim each Network location is independently owned and operated, and argue that only some defendants will be liable as to some class members, mentioning in passing things such as the statutes regarding limited liabilities. Defendants make a further argument that they cannot be held liable for anything other than events occurring in Swansea. Defendants even go so far as to as to argue there are "constitutional concerns" as to the rights of any non-party entities. Defendants do not provide any explanation, however, as to how Defendants would have standing to raise any such concerns on behalf of entities with whom they also disavow any connection.

For her part, Plaintiff points out that she has pleaded from the outset of the case a variety of theories assessing mutual liability of the Network. Those theories include topics such as *respondeat superior*, alter ego, agency, joint enterprise, civil conspiracy, *etc.* Plaintiff points out any assertion by Defendants as to who did or did not operate any given Network location

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

simply begs the questions this lawsuit will answer. Plaintiff further contends that the fact Defendants raise these common questions shows all the more strongly why this case should proceed as a class action.

Both sides have presented discovery responses, discovery productions, public documents, Network documents, *etc.* in support of their positions. The Court has reviewed all of these materials. The Court finds that none of these materials conclusively resolves such issues either way.

Accordingly, the Court concludes that the parties have legitimate disputes of material facts over these issues, and those issues intersect in several instances with unresolved questions of law. The Court further finds that many of these arguments go to the merits of the case. As such, the Court will not resolve them on a motion for class certification. Nor will the Court issue an advisory opinion.

Once again, the presence of such sweeping issues – essentially, "who is liable for what, and to whom" – argues in favor of class certification, not against it. Seeking the answers to these questions – questions applicable across the class, and the common answers which will be generated – makes proceeding on a class basis an appropriate method for the fair and efficient adjudication of these controversies.

## VII.   ORDER AND FINDINGS.

Pursuant to the foregoing analysis, the Court finds the case is proper to proceed as a class action in accordance with 735 ILCS 5/2-801 (2018). The Court hereby certifies the following class:

> All Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois at any location associated with

14

the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*

Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, the judge or any officer of the court presiding over this action.

The Court also finds it appropriate to certify the following subclass:

All Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois at the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network location in Swansea, Illinois, as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*

Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, the judge or any officer of the court presiding over this action.

The Court finds it appropriate to certify each of these classes as to all issues in this case. The Court further finds it appropriate to certify these classes as to legal and factual issues concerning the liability of the Network and those associated with it. The Court reserves jurisdiction to certify further subclasses or otherwise amend these certifications as circumstances warrant.

**SO ORDERED:**

**DATE:** March 12, 2019.

_____

Hon. Kevin T. Hoerner

15

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

# Exhibit B

DocuSign Envelope ID: 36DA5445-6189-4641-9507-2805A999D9AE

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

AISHA NAMUWONGE, individually, and on     )
behalf of all others similarly situated,  )
                                          )
              Plaintiff,                  )
                                          )     Case No.
       v.                                 )
BROOKDALE SENIOR LIVING, INC. and         )
KRONOS, INC.                              )     JURY TRIAL DEMANDED
              Defendants.                 )


## AFFIDAVIT OF AISHA NAMUWONGE

I, Aisha Namuwonge, being first duly cautioned, swear and affirm as follows:

1. I am over the age of 18 and competent to testify.

2. I am the Named Plaintiff and proposed Class Representative in this case.

3. I understand what it means to be a class representative. As a class representative, I am looking out for the interests of the other class members.

4. I do not have any conflicts with the class members because they were treated like I was with respect to this lawsuit. I have their interests in mind, as well as my own, in bringing this lawsuit.


FURTHER YOUR AFFIANT SAYETH NOT.


Date: ___4/5/2019___                    _____
                                              657F7F396315473...
                                        Aisha Namuwonge

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

# Exhibit C

FILED DATE: 4/10/2019 2:47 PM 2019CH04411

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| AISHA NAMUWONGE, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2019-CH-04411 |
| v. | ) ) | |
| BROOKDALE SENIOR LIVING, INC. and KRONOS, INC. | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### <u>AFFIDAVIT OF CATHERINE T. MITCHELL</u>

I, **Catherine** T. Mitchell, being first duly cautioned, swears and affirms as follows:

1.  I am one of Plaintiff's Counsel in the above-referenced matter.

2.  I submit this Affidavit in support of Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues.

3.  I am a Partner of the law firm of Stephan Zouras, LLP. Attached hereto as Exhibit 1 is a true and correct copy of the firm's resume.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: April 10, 2019

_Isl Catherine T. Mitchell_
**Catherine** T. Mitchell

Subscribed and sworn to
before me on this 10th day of
April, 2019

Notary Public



ADRIANNA PARKER
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 03, 2022

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

# Exhibit 1 of
# Exhibit C

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

## FIRM PROFILE

**STEPHAN ZOURAS, LLP** is a national law firm which concentrates on helping our clients in complex class and individual litigation. The firm is widely recognized for its leadership, skill, integrity and experience litigating wage and hour law and other employment disputes, mass torts and catastrophic personal injury, consumer protection, cybersecurity, products liability and other complex litigation. We are routinely appointed lead or co-lead counsel in high-stakes, groundbreaking, rapidly-developing areas with far-reaching impact.

Our Chicago-based firm takes pride in litigating cases and getting the best possible results in federal and state courts throughout the United States at both the trial and appellate levels. The firm's two founding partners, James B. Zouras and Ryan F. Stephan, have successfully prosecuted claims ranging from individual wrongful death and other catastrophic injury cases to complex, multi-district class and collective actions which have collectively resulted in a recovery of more than $100,000,000 for over 100,000 individuals. Stephan Zouras, LLP has "substantial class action experience [and] have secured multi-million-dollar class recoveries...." *Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018) (Kennelly, J.)

## PRINCIPAL ATTORNEYS

**JAMES B. ZOURAS** is a founding principal of Stephan Zouras, LLP. Dedicating his entire career to combating corporate abuse and injustice, Jim has helped thousands of people recover tens of millions of dollars in damages in individual and class actions arising under federal wage and hour laws including the Fair Labor Standards Act ("FLSA") and comparable state wage laws, other complex litigation, and catastrophic personal injury actions involving wrongful death, vehicle crashes, products liability, premises liability and construction negligence. Jim has been appointed lead or co-lead counsel on dozens of contested class actions throughout the United States. He has successfully tried over a dozen jury trials and argued over 14 appeals as lead appellate counsel before the federal and state appellate courts. In 2000, Jim was named among the *Chicago Daily Law Bulletin's* "Top 40 Lawyers Under Age 40," one of the youngest lawyers ever bestowed that honor. Jim and his cases have been profiled by numerous media outlets including the Chicago Tribune, the Chicago Sun-Times, Bloomberg BNA, Billboard Magazine and TMZ. Jim has also been interviewed by CBS Consumer Watch. Jim is frequently invited as a speaker at national class action litigation seminars. Jim is a 1995 graduate of DePaul University College of Law, where he served as Editor of the Law Review and graduated in the top 10% of his class.

**RYAN F. STEPHAN** is a founding principal of Stephan Zouras, LLP. Throughout his career, Ryan has been a passionate advocate for employee rights, and has helped thousands of clients recover damages in unpaid overtime, employment disputes, business litigation, products liability and personal injury cases. Ryan has successfully tried cases to verdict including obtaining a $9,000,000 verdict on behalf of 200 employees who were misclassified and denied overtime pay. Ryan has also served as lead or co-lead counsel on dozens of complex class and collective action cases involving wage and hour matters and has helped recover damages for tens of thousands of wronged employees. In these cases, Ryan has helped establish precedent in wage and hour law, forced major corporations to change unlawful employment practices and helped recover tens of millions of dollars in unpaid wages for his clients. Ryan and his cases have been profiled by numerous media outlets including Good Morning America, Fortune, ESPN, Fox News, The Guardian, The New York Times, Think Progress, USA Today and Vice Sports. Ryan is a 2000 graduate from Chicago Kent College of Law

**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

Ryan and Jim are admitted to the United States Supreme Court as well as the Trial Bar of the United States District Court for the Northern District of Illinois. In addition, they have been admitted or admitted *pro hac vice* to prosecute class actions in the Southern and Eastern Districts of New York, the District of New Jersey, the Eastern and Middle Districts of Pennsylvania, the Western District of North Carolina, the Superior Court for the State of California, the Central District of Illinois, the District of Minnesota the Eastern District of Michigan, the Eastern District of Missouri, the District of Maryland, the Southern District of Ohio, the Northern, Middle and Southern Districts of Florida, the Northern District of Texas, the District of Massachusetts, the District of Minnesota, the First Judicial District of Pennsylvania, the Western District of Washington and the Southern and Northern Districts of Iowa.

In every consecutive year since 2009, *Chicago Magazine's* Super Lawyer Section selected both Jim and Ryan as two of the top attorneys in Illinois, a distinction given to no more than 5% of the lawyers in the state.

## PARTNERS

**ANDREW C. FICZKO** is a partner of Stephan Zouras, LLP. A tireless fighter for working people, Andy has spent his entire professional career litigating on behalf of employees in class and collective actions nationwide. Andy has helped thousands of clients recover damages in cases involving unpaid minimum and overtime wages and other benefits. Andy served as the second chair in two major federal jury trials to verdict on behalf of Plaintiffs in wage and hour matters and one state jury trial to verdict on behalf of Plaintiffs in a breach of contract matter. A 2009 graduate from Drake University Law School in 2009, Andy is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois has been admitted *pro hac vice* to the Southern District of New York, the Southern and Northern Districts of Iowa, District of Massachusetts, Eastern District of Pennsylvania, and the Western District of Washington. In every consecutive year since 2014, Andy has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

**TERESA M. BECVAR** is a partner of Stephan Zouras, LLP. A steadfast advocate for individual rights, Teresa has helped thousands of clients hold corporations accountable in employment and consumer protection cases. Teresa has extensive experience in a wide range of employment cases, including wage and hour class and collective actions and employment discrimination. Teresa is a 2013 graduate of Chicago-Kent College of Law, where she served as Editor of the Law Review and graduated in the top 15% of her class. Teresa has been admitted *pro hac vice* to the Eastern and Southern Districts of New York, the Western District of Washington, the Middle District of Florida and the Central District of California. In every consecutive year since 2016, Teresa has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

**CATHERINE T. MITCHELL** is a partner of Stephan Zouras, LLP who graduated from The John Marshall Law School in 2015. Catherine litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation, representing people in a wide-range of legal disputes, including unpaid wages, employee misclassification, mass torts, antitrust, and consumer fraud. Catherine is an active member of the Women's Bar Association of Illinois and the Young Lawyers Society of the Chicago Bar Association, and served as a Chapter Editor for the Second Edition of BNA's Age Discrimination in Employment Act Treatise. Catherine is admitted to practice in Illinois, the District of Colorado, the Eastern District of Wisconsin and has been admitted *pro hac vice* to the Southern and Eastern District of New York, the District of Florida-Tampa Division, the Southern District of Iowa and the Eastern District of North Carolina. Catherine

# STEPHANZOURAS, LLP
## ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM  2019CH04411

earned her Bachelor's Degree from Saint Mary's College where she was a member of the Dean's list and served as a Member Counselor in the Business Enterprise Law Clinic. Catherine is currently an active member of the Women's Bar Association as well as a Director on The John Marshall Law School Alumni Association's Board of Directors.

## ASSOCIATE ATTORNEYS

**HALEY R. JENKINS** graduated *cum laude* from Chicago-Kent College of Law in 2016. Haley litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation. A spirited advocate, Haley represents clients in legal disputes involving unpaid wages, employee misclassification, antitrust, consumer fraud, whistleblower actions, and *qui tam* cases. She is currently a member of the legal team advocating for clients' biometric privacy rights in cutting-edge cases against employers and biometric device manufacturers that unlawfully collect, store, use and disseminate employees' and consumers' biometrics data. Haley is admitted to practice in Illinois and the District of Colorado and has been admitted *pro hac vice* to the Middle District of Pennsylvania. Haley graduated from the University of Illinois at Urbana-Champaign in 2013 where she majored in English.

**ANNA M. CERAGIOLI** earned her Juris Doctor from Chicago-Kent College of Law where she was named to the Dean's List and elected President of the Moot Court Honor Society. She was one of only twelve graduating students inducted into the Chicago-Kent Bar & Gavel Society. Anna is a skilled and dedicated advocate for individuals and groups of people who have been injured, deprived of earned wages or otherwise mistreated by employers. She has worked tirelessly on an array of individual and class actions lawsuits involving unpaid wages, employee misclassification, unlawful credit checks and consumer fraud. Anna received her undergraduate degree from Marquette University where she double-majored in Writing Intensive English and Politics in Law.

## OF COUNSEL

**DAVID J. COHEN,** a highly skilled and successful class-action attorney, joined Stephan Zouras, LLP in April 2016 and manages our Philadelphia office.  Dave has spent his entire career fighting to protect the rights of thousands of employees, consumers, shareholders, and union members.  Before joining Stephan Zouras, Dave worked on, and ran, dozens of significant antitrust, consumer, employment and securities matters for four highly-regarded Philadelphia firms.  Before joining the private sector, Dave completed a unique clerkship with the Hon. Stephen E. Levin in the Philadelphia Court of Common Pleas, during which he not only helped to develop a respected and efficient system for the resolution of the Court's class action cases, but also contributed to several well-regarded works on class actions. Dave earned a J.D. from the Temple University School of Law in 1994.  While attending law school, Dave was awarded the Barristers Award for excellence in trial advocacy and worked as a teaching assistant for Hon. Legrome Davis (E.D. Pa.) as part of Temple's award-winning Integrated Trial Advocacy program.  Dave graduated with honors from the University of Chicago in 1991.

Dave is admitted to practice in the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Middle District of Pennsylvania, the United States District Court for the Western District of

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

Pennsylvania, the United States District Court for the District of New Jersey and the state courts of Pennsylvania and New Jersey.  He is a member of the American and Philadelphia Bar Associations.

**PHILIP J. GIBBONS, JR.**, a highly-accomplished Plaintiff's class action attorney in his own right, became of counsel to Stephan Zouras, LLP in June 2017.  Phil focuses entirely on employment law, with an emphasis on helping employees recover unpaid wages including overtime.  Phil began his legal career with a large national law firm, representing and counseling corporations and employers.  Since 2001, Phil has exclusively represented employees.  Phil is recognized by his peers as a highly skilled employment lawyer.  He is listed in Best Lawyers in America and Super Lawyers.  In addition, he has a perfect 10.0 rating on Avvo.com and an "A/V" rating with Martindale Hubble, which is the highest rating an attorney can receive.  Phil has extensive experience litigating single and multi-plaintiff wage and hour lawsuits under the Fair Labor Standards Act, recovering unpaid overtime and minimum wages for thousands of employees throughout the United States.

Phil is admitted to practice in North Carolina, Indiana, Seventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Third Circuit Court of Appeals, Tenth Circuit Court of Appeals, U.S. District Courts Western District North Carolina, Middle District North Carolina, Southern District of Indiana, Northern District of Indiana, and Eastern District of Michigan.

## REPRESENTATIVE TRIALS, VERDICTS AND JUDGMENTS

**Franco, et al.  v. Ideal Mortgage Bankers, d/b/a Lend America**          **12/14/17 – Trial Court Judgment**
*No. 07-cv-3956 (United States District Court for the Eastern District of New York)*
The Court entered a $15.2 million judgment on behalf of several hundred loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

**Frisari v. DISH Network**          **8/25/16 – Arbitration Judgment**
*No. 18-160-001431-12 (AAA Arbitration)*
The Arbitrator certified and granted final judgment in excess of seven figures for a class of over 1,000 New Jersey inside sales associates who performed work before and/or after their shifts without pay and were not paid the proper overtime rate when they worked in excess of 40 hours a week.

**Huskey v. Ethicon Inc.**          **9/10/2014 – Jury Verdict**
*No. 2:12-cv-05201 (United States District Court for the Southern District of West Virginia)*
Stephan Zouras, LLP helped secure a $3,270,000.00 jury verdict in one of the bell-weather trial cases in the multi-district litigation against Johnson & Johnson's Ethicon unit for defective design, failure to warn and negligence related to transvaginal mesh device.

**Lee v. THR**          **5/22/14 – Trial Court Judgment**
*No. 12-cv-3078 (United States District Court for the Central District of Illinois)*
As a result of the efforts of class counsel Stephan Zouras, LLP, the Court entered a judgment for a class of employees given job titles such as "Buyers," "Auditors" and "Managers" for unpaid overtime in the sum of $12,207,880.84.

**Vilches et al. v. The Travelers Companies, Inc.**          **12/12/12 - Arbitration Judgment**
*No.  11-160-000355-11 (American Arbitration Association)*

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM  2019CH04411

Following a contested evidentiary hearing, Stephan Zouras, LLP secured a significant monetary award on behalf of a group of insurance appraiser employees seeking unpaid earned overtime under the FLSA.

**Kyriakoulis, at al. v. DuPage Health Center**                        **11/8/12 - Jury Verdict**
*No. 10-cv-7902 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a favorable jury verdict on behalf of several medical assistants deprived of minimum and overtime wages in violation of federal and Illinois law.

**Smith v. Safety-Kleen Systems, Inc.**                        **7/11/12 - Jury Verdict**
*No. 10-cv-6574 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a favorable jury verdict on behalf of a chemical handler deprived of overtime wages in this donning and doffing action brought under the FLSA.

**Wong v. Wice Logistics**                        **1/30/12 - Jury Verdict**
*No. 08 L 13380 (Circuit Court of Cook County, Illinois)*
Stephan Zouras, LLP recovered unpaid commissions and other damages for Plaintiff based on her claims under the Illinois Wage Payment and Collection Act.

**Daniels et al. v. Premium Capital Financing**                        **10/18/11 - Jury Verdict**
*No. 08-cv-4736 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP was appointed lead class and trial counsel and achieved a jury verdict in excess of $9,000,000.00 on behalf of over 200 loan officers who were deprived of minimum wages and overtime pay.

**Ferrand v. Lopas**                        **5/22/01 - Jury Verdict**
*No. 00 L 2502 (Circuit Court of Cook County, Law Division, State of Illinois)*
Jury verdict in excess of available liability insurance policy limits entered in favor of seriously-injured pedestrian, resulting in liability against insurance carrier for its bad faith refusal to tender the policy limits before trial.

## REPRESENTATIVE RESOLVED CLASS AND COLLECTIVE ACTIONS

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including:**

**Moseman v. U.S. Bank National Association**                        **1/07/19 – Final Approval**
*No. 17-cv-00481 (United States District Court for the Western District of North Carolina)*
As lead counsel, Stephan Zouras, LLP achieved a class wide settlement on behalf of individuals employed as AML/BSA Preliminary Investigators who worked in excess of 40 hours per week and were not paid proper overtime compensation.

**Ivy v. Adventist Midwest Health**                        **11/14/18 – Final Approval**
*No. 16-cv-7606 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure class settlement on behalf of Home Health Clinicians who worked in excess of 40 hours per week and were not paid overtime.

**Bhattacharya v. Capgemini, et al.**                        **11/13/18 – Final Approval**
*No. 16-cv-07950 (United States District Court for the Northern District of Illinois)*
Final approval for class settlement in the amount of $990,000.00 was granted and awarded to approximately 900 Indian

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

**STEPHANZOURAS**, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

national participants of Capgemini's Group Health Plan based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Carver v. Presence Health Network, et al.**                    **7/10/18 – Final Approval**
*No. 15-cv-02905 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP helped achieve final approval of a seven-figure class settlement on behalf of participants and beneficiaries of benefit plans sponsored by Presence Health based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Lukas v. Advocate Health Care, et al.**                    **6/27/18 – Final Approval**
*No. 14-cv-01873 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP helped achieve final approval of a seven-figure class settlement on behalf of thousands of participants and beneficiaries to Advocate Health Care Network's Pension Plan based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Brown v. Health Resource Solutions, Inc.**                    **4/20/18 – Final Approval**
*No. 16-cv-10667 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of class settlement for $900,000.00 in unpaid overtime wages on behalf of Home Health Clinicians who were misclassified as exempt under federal and state wage laws.

**Eggleston v. USCC Services, LLC.**                    **2/16/18 – Final Approval**
*No. 16-cv-06775 (United States District Court for the Northern District of Illinois)*
As co-lead counsel, Stephan Zouras, LLP helped obtain final approval of a $1,250,000 class settlement for unpaid overtime wages on behalf of misclassified Sales Managers.

**Caison v. Sogeti USA, LLC, et al.**                    **2/12/18 – Final Approval**
*No. 17-cv-2786 (United States District Court for the Northern District of Illinois)*
As lead counsel, Stephan Zouras, LLP achieved a class wide settlement on behalf of hundreds of Business Analysts who worked in excess of 40 hours per week and were not paid proper overtime compensation.

**Kaminski v. Bank of America, N.A.**                    **2/15/18 – Final Approval**
*No. 16-cv-10844 (United States District Court for the Northern District of Illinois)*
Final approval for class settlement in the amount of $850,000 in unpaid wages was granted and awarded to a class of approximately 100 employees working as Senior Specialist-Securities and Operation Market Professionals.

**Byrne v. Centegra Health System**                    **1/29/18 – Final Approval**
*No. 17-cv-00018 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of class settlement for $425,000 in unpaid overtime wages on behalf of registered nurses, physical therapists, occupational therapists, speech therapists and other similarly-designated skilled care positions who were misclassified as exempt under federal and state wage laws.

**Donoghue v. Verizon Communications, Inc.**                    **11/16/17 – Final Approval**
*No. 16-cv-4742 (United States District Court for the Eastern District of Pennsylvania)*
The Court granted final approval of class settlement for $800,000 in unpaid overtime wages on behalf of wireline workers who were hired to fill in for Verizon employees during a strike. Despite regularly working 65 hours per week, these

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

employees were classified as exempt and denied overtime wages.

**Tompkins v. Farmers Insurance Exchange**                9/27/17 – Final Approval
*No. 14-cv-3737 (United States District Court for the Eastern District of Pennsylvania)*
The Court granted final approval of a $775,000.00 class settlement on behalf misclassified loan officers seeking unpaid overtime wages.

**In re Sears Holdings Corporation Stockholder and Derivative Litigation**     5/9/17 – Final Approval
*No. 11081-VCL (Court of Chancery of the State of Delaware)*
Stephan Zouras, LLP represented the Named Plaintiff in a $40 million settlement in connection with a 2015 sale by Sears of 235 properties to Seritage Growth Properties.

**Oaks v. Sears**                                            4/12/17 – Final Approval
*No. 1:15-cv-11318 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP settled on behalf of thousands of consumers who own or once owned Sears Kenmore grills in a product defect class action.

**Hauser v. Alexian Brothers Home Health**                 4/06/17 – Final Approval
*No. 15-cv-6462 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP settled for $1 million on behalf of home health care clinicians who were misclassified as "exempt" and deprived of earned overtime wages.

**Leiner v. Johnson & Johnson**                            1/31/17 – Final Approval
*No. 15-cv-5876 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of a $5 million settlement for consumers nationwide in a consumer fraud class action.  Stephan Zouras, LLP represented consumers who were deceived into paying premium prices for Johnson & Johnson baby bedtime products which falsely claimed to help babies sleep better.

**Reed v. Friendly's Ice Cream, LLC, et al.**              1/31/17 – Final Approval
*No. 15-cv-00298 (United States District Court for the Middle District of Pennsylvania)*
Stephan Zouras, LLP served as co-counsel and helped obtain final approval of a $3,500,000 class settlement on behalf of nationwide Servers who were not compensated for off-the-clock worked performed during unpaid meal breaks and after their scheduled shifts.

**McPhearson v. 33 Management**                            11/3/16 – Final Approval
*No. 15-ch-17302 (Circuit Court of Cook County, IL)*
The Court granted final approval of class settlement on behalf of tenants of a Chicago apartment building where the landlords violated the City of Chicago Residential Landlord and Tenant Ordinance by collecting and holding tenant security deposits without paying interest earned.

**Cook v. Bank of America**                                8/2/16 – Final Approval
*No. 15-cv-07718 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of $3,250,000 settlement for an Illinois Class and FLSA Collective on behalf of individuals who worked as Treasury Services Advisors and who were misclassified as exempt from earned overtime wages.

**Altnor v. Preferred Freezer Services, Inc.**             7/18/16 – Final Approval
*No. 14-cv-7042 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid meal break work for a

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM    2019CH04411

class of 80 cold storage warehouse workers.

**Lukas v. Advocate Health Care**                                    6/29/16 – Final Approval
*No. 14-cv-2740 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of a $4,750,000 settlement for a federal FLSA and Illinois Minimum Wage Law collective class of home health care clinicians who were wrongly classified as "exempt" from federal and state overtime laws.

**Kurgan v. Chiro One Wellness Centers LLC**                         4/27/16 – Final Approval
*No. 10-cv-1899 (United States District Court for the Northern District of Illinois)*
The Court granted Plaintiffs' motion for Section 216(b) certification of Plaintiffs' FLSA claim, granted Rule 23 certification of Plaintiffs' claims under the Illinois Minimum Wage Law and appointed Stephan Zouras, LLP as counsel for a class of chiropractic technicians and assistants.

**Heba v. Comcast**                                                  4/6/16 – Final Approval
*No. 12-471 (First Judicial District of Pennsylvania Court of Common Pleas of Philadelphia)*
The Court granted class certification to Customer Account Executives who worked at Comcast's Pennsylvania call centers and were required to work 15 minutes a day before their scheduled start time without pay. As lead counsel, Stephan Zouras, LLP achieved a favorable resolution for over 6,000 class members.

**Johnson v. Casey's General Stores, Inc.**                          3/3/16 – Final Approval
*No. 15-cv-3086 (United States District Court for the Western District of Missouri)*
The Court granted final approval on behalf of a certified class of employees of Casey's General Stores, Inc. to redress violations of the Fair Credit Reporting Act (FCRA).

**Fields v. Bancsource, Inc.**                                       2/3/16 – Final Approval
*No. 14-cv-7202 (United States District Court for the Northern District of Illinois)*
The Court entered an order granted Plaintiffs' motion for Section 216(b) certification of a class of field engineers who were deprived of overtime for hours worked in excess of 40 in given workweeks.

**Elder, et al. v. Comcast Corporation**                             1/11/16 – Final Approval
*No. 12-cv-1157 (United States District Court for the Northern District of Illinois)*
The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras, LLP as counsel for a class of cable technicians who allege they were deprived of overtime wages in violation of federal law.

**Posada, et al. v. Continental Home Loans, Inc.**                   1/13/16 - Final Approval
*15-cv-4203 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of a class of loan officers deprived of minimum and overtime wages.

**Struett v. Susquehanna Bank**                                      10/27/15 – Final Approval
*No. 15-cv-176 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $300,000 in unpaid overtime wages for 31 misclassified loan officers.

**Faust, et al. v. Comcast Corporation**                            10/11/15 - Final Approval
*No. 10-cv-2336 (United States District Court for the Northern District of Maryland)*
The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras, LLP lead counsel for a class of call center employees.

# STEPHANZOURAS, LLP
## ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM  2019CH04411

**Butler, et al. v. Direct Sat** — **9/3/15 - Final Approval**
*No. 10-cv-08747 DKC (United States District Court for the District of Maryland)*
Stephan Zouras, LLP reached favorable resolution on behalf of a finally-certified collective class of technicians working in DirectSat's Maryland warehouses who were not paid overtime.

**Sosnicki v. Continental Home Loans, Inc.** — **7/30/15 - Final Approval**
*No. 12-cv-1130 (United States District Court for the Eastern District of New York)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of a collective class of loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

**Bordell v. Geisinger Medical Center** — **4/8/15 – Final Approval**
*No. 12-cv-1688 (Northumberland Court of Common Pleas)*
The firm's attorneys served as lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $499,000 in unpaid overtime wages for hospital workers.

**Harvey, et al. v. AB Electrolux, et al.** — **3/23/15 – Final Approval**
*No. 11-cv-3036 (United States District Court for the Northern District of Iowa)*
As lead counsel, Stephan Zouras, LLP achieved a six-figure settlement amount on behalf of hundreds of production workers seeking unpaid earned wages.

**Price v. NCR Corporation** — **3/18/15 – Final Approval**
*No. 51-610-908-12 (AAA Arbitration)*
As lead class counsel, Stephan Zouras, LLP achieved a seven figure, arbitrator approved settlement on behalf of thousands of Customer Engineers nationwide who were deprived overtime wages in violation of federal law.

**Frebes, et al. v. Mask Restaurants, LLC** — **1/15/15 – Final Approval**
*No. 13-cv-3473 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of hundreds of servers, bartenders and bussers forced to participate in an illegal "tip pool."

**Jones v. Judge Technical Services Inc.** — **12/15/14 – Final Approval**
*No. 11-cv-6910 (United States District Court for the Eastern District of Pennsylvania)*
As lead class counsel, Stephan Zouras, LLP prevailed on summary judgment and subsequently achieved a seven-figure settlement on behalf of IT workers who were designated under the "Professional Day" or "Professional Week" compensation plan, misclassified as exempt from the FLSA and denied overtime pay.

**Howard, et al. v. Securitas Security Services USA, Inc.** — **5/7/14 – Final Approval**
*No. 08-cv-2746 (United States District Court for the Northern District of Illinois)*
**and, Hawkins v. Securitas Security Services USA, Inc.**
*No. 09-cv-3633 (United States District Court for the Northern District of Illinois)*
For settlement purposes, the Court certified a class of approximately ten thousand security guards seeking damages for unpaid wages and overtime under the FLSA and Illinois Minimum Wage Law.

**Thomas v. Matrix Corporation Services** — **2/12/14 – Final Approval**
*No. 10-cv-5093 (United States District Court for the Northern District of Illinois)*
As lead counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of a class of hundreds of technicians who allege they were deprived of overtime wages in violation of federal law.

# STEPHANZOURAS, LLP
## ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

**Ingram v. World Security Bureau**                                    12/17/13 – Final Approval
*No. 11-cv-6566 (United States District Court for the Northern District of Illinois)*
Stephan Zouras secured a class settlement on behalf of several hundred security officers deprived of minimum wages and overtime in violation of federal and state law.

**Sexton v. Franklin First Financial**                                  9/30/13 – Final Approval
*No. 08-cv-04950 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP achieved a settlement on behalf of a class of approximately 150 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**Outlaw v. Secure Health, L.P.**                                       9/24/13 – Final Approval
*No. 11-cv-602 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid pre-shift, meal break and uniform maintenance work for a class of 35 nursing home workers.

**Robinson v. RCN Telecom Services, Inc.**                              8/5/13 – Final Approval
*No. 10-cv-6841 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $375,000 in unpaid overtime wages for misclassified cable television installers.

**Holland v. Securitas Security Services USA, Inc.**                    7/26/13- Final Approval
*No. BC 394708 (Superior Court of California, County of Los Angeles)*
As class counsel, Stephan Zouras, LLP achieved a six figure settlement on behalf of thousands of security officers who allege they were deprived of overtime wages in violation of federal law.

**Jankuski v. Heath Consultants, Inc.**                                 7/2/13 - Final Approval
*No. 12-cv-04549 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed lead counsel and achieved a settlement on behalf of gas management technicians deprived of minimum wages and overtime in violation of the FLSA.

**Ord v. First National Bank of Pennsylvania**                          6/21/13 – Final Approval
*No. 12-cv-766 (United States District Court for the Western District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this consumer fraud lawsuit which recovered $3,000,000 for consumers who had been made to pay improper overdraft fees.

**Holley v. Erickson Living Management, LLC**                           6/13/13 – Final Approval
*No. 11-cv-2444 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid pre-shift and meal break work for a class of 63 nursing home workers.

**Hansen, et al. v. Per Mar Security Services**                         5/15/13 - Final Approval
*No. 09-cv-459 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP was appointed class counsel and secured a settlement for hundreds of security guards deprived of minimum wages and overtime in violation of federal and state law.

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

**Pomphrett v. American Home Bank**                                    3/14/13 – **Final Approval**
*No. 12-cv-2511 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $2,400,000 in unpaid overtime wages for misclassified loan officers.

**Murphy v. Rayan Brothers, et al.**                                    2/22/13 - **Final Approval**
*No. 11 CH 03949 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Stephan Zouras, LLP achieved class wide recovery on behalf of a class of tenants for violations of the Chicago Residential Landlord and Tenant Ordinance (RLTO).

**Glatts v. Crozer-Keystone Health System**                            2/6/13 – **Final Approval**
*No. 0904-1314 (Philadelphia Court of Common Pleas)*
The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $1,200,000 in unpaid overtime wages for hospital workers.

**Chambers v. Front Range Environmental, LLC**                         1/23/13 - **Final Approval**
*No. 12-cv-891 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed as class counsel and resolved this action on behalf of a class of maintenance workers.

**Piehl v. Baytree National Bank**                                     1/3/13 - **Final Approval**
*No. 12-cv-1364 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed class counsel and resolved this action on behalf of a class of Indiana loan officers who were paid on a commission-only basis and deprived of earned minimum wage and overtime in violation of the FLSA.

**Searson v. Concord Mortgage Corporation**                            11/19/12 - **Final Approval**
*No. 07-cv-3909 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP achieved a settlement on behalf of a class of 80 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**Ellenbecker, et al. v. North Star Cable Construction, Inc., et al.**   11/14/12 - **Final Approval**
*No. 09-cv-7293 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP obtained Rule 23 certification, were appointed lead counsel, and achieved a significant monetary resolution for a class of several hundred cable technicians seeking unpaid overtime wages and the recovery of improper deductions from their pay.

**Williams, et al. v. Securitas Security Services USA, Inc.**          11/8/12 - **Final Approval**
*No. 10-cv-7181 (United States District Court for the Eastern District of Pennsylvania)*
As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a class of Pennsylvania security guards who were not paid for all time spent in training and orientation.

**Lacy, et al. v. The University of Chicago Medical Center**           11/6/12 – **Final Approval**
*No. 11-cv-5268 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a FLSA settlement for a collective class of hospital respiratory therapists.

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM    2019CH04411

**Molyneux, et al. v. Securitas Security Services USA, Inc.**     **11/5/12 - Final Approval**
*No. 10-cv-588 (United States District Court for the Southern District of Iowa)*
As lead class counsel, Stephan Zouras achieved a settlement on behalf of a class of Iowa and Wisconsin security guards who were not paid for all time spent in training and orientation.

**Davis v. TPI Iowa, LLC**     **9/6/12 - Final Approval**
*No. 11-cv-233 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Kernats, et al. v. Comcast Corporation**     **5/28/12 - Final Approval**
*No. 09-cv-3368 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a seven-figure settlement on behalf of over 7,500 Customer Account Representatives (CAEs) for unpaid wages in a Rule 23 class action brought under Illinois wage law.

**Garcia, et al. v. Loffredo Fresh Produce Co., Inc.**     **5/24/12 - Final Approval**
*No. 11-cv-249 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of produce processing employees.

**Larsen, et al. v. Clearchoice Mobility, Inc., et al.**     **3/21/12 - Final Approval**
*No. 11-cv-1701 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved an FLSA settlement on behalf of a collective class of retail sales consultants.

**Etter v. Trinity Structural Towers**     **1/26/12 - Final Approval**
*No. 11-cv-249 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Petersen, et al v. Marsh USA, Inc. et al.**     **9/21/11 - Final Approval**
*No. 10-cv-1506 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure settlement on behalf of over 30 analysts who claimed they were misclassified under the FLSA.

**Thompson v. World Alliance Financial Corp.**     **8/5/11 - Final Approval**
*No. 08-cv-4951 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of over one hundred loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Vaughan v. Mortgage Source LLC, et al.**     **6/16/11 - Final Approval**
*No. 08-cv-4737 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Harris, et al. v. Cheddar's Casual Cafe, Inc.**     **6/1/11 - Final Approval**
*No. 51 460 00557 10 (AAA Arbitration)*
Stephan Zouras served as lead counsel in six-figure class settlement on behalf of over 100 restaurant workers deprived of minimum wages and overtime.

FILED DATE: 4/10/2019 2:47 PM 2019CH04411

# STEPHANZOURAS, LLP
## ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Turner v. Mercy Health System**                    **4/20/11 – Final Approval**
*No. 0801-3670 (Philadelphia Court of Common Pleas)*
The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and, in a case of first impression, recovered $2,750,000 in unpaid overtime wages for hospital workers.

**Brown et al. v. Vision Works, et al.**                    **3/4/11 - Final Approval**
*No. 10-cv-01130 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of retail store managers improperly classified as exempt from overtime.

**Havard v. Osceola Foods, Inc., et al.**                    **2/28/11 - Final Approval**
*No. LA CV 0111290 (Iowa District for Clarke County, Iowa)*
As lead class counsel, Stephan Zouras, LLP achieved a class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Lagunas v. Cargill Meat Solutions Corp.**                    **1/27/11 - Final Approval**
*No. 10-cv-00220 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP served as co-lead counsel in class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Anderson v. JCG Industries, Inc.**                    **9/2/10 - Final Approval**
*No. 09-cv-1733 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of meat processing plant employees who were not properly paid for time worked before their shifts, during meal breaks and after their shifts.

**Cedeno, et al. v. Home Mortgage Desk, Corp., et al.**                    **6/15/10 - Final Approval**
*No. 08-cv-1168 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a six-figure settlement on behalf of a Section 216(b) collective class of loan officers deprived of overtime wages.

**Perkins, et al. v. Specialty Construction Brands, Inc.**                    **11/15/09 - Final Approval**
*No. 09-cv-1678 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure wage and hour settlement on behalf of a collective class of plant employees for claims of unpaid overtime, including time worked before the start of their shifts, during breaks and after the end of their shifts.

**Wineland, et al. v. Casey's General Stores, Inc.**                    **10/22/09 - Final Approval**
*No. 08-cv-00020 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven-figure settlement on behalf of a Section 216(b) collective class and Rule 23 class of over 10,000 cooks and cashiers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

**Jones, et al. v. Casey's General Stores, Inc.**                    **10/22/09 - Final Approval**
*No. 07-cv-400 (United States District Court for the Southern District of Iowa)*

# STEPHANZOURAS, LLP
## ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven-figure settlement on behalf of a Section 2 l 6(b) collective class and Rule 23 class of assistant store managers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

**Stuart, et al. v. College Park, et al.**                                    12/11/07 - Final Approval
*No. 05 CH 09699 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund of their security deposits. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

**Huebner et al. v. Graham C Stores**                                    11/15/07 - Final Approval
*No. 06 CH 09695 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Ryan Stephan of Stephan Zouras, LLP served as co-lead counsel in this wage and hour case involving claims for unpaid wages by a class of gas station employees. Mr. Stephan helped achieve a six-figure settlement for over 100 employees.

**Perez, et al. v. RadioShack Corporation**                                    9/14/07 - Final Approval
*No. 02-cv-7884 (United States District Court for Northern District of Illinois)*
The firm's partners served as co-lead counsel in this nationwide Fair Labor Standards Act ("FLSA") overtime action brought on behalf of 4,000 retail store managers. Plaintiffs claimed they were improperly classified as exempt from the FLSA and owed overtime compensation for all hours worked in excess of 40 each week. In a case of first impression, the Court granted summary judgment in favor of a sub-class of Plaintiffs who did not "regularly and customarily" supervise at least 80 hours of subordinate time per week at least 80% of the time as required by the executive exemption of the FLSA. The reported decision is *Perez v. RadioShack Corp.*, 386 F. Supp. 979 (N.D. Ill. 2005). As a result of the efforts of Plaintiffs' counsel, Plaintiffs obtained a nearly $9 million settlement on the eve of trial.

**Reinsmith, et al. v. Castlepoint Mortgage**                                    4/3/07 - Final Approval
*No. 05-cv-01168 (United States District Court, Eastern District of Massachusetts)*
The firm's partners served as co-lead counsel in this action brought on behalf of a collective class of loan officers seeking to recover unpaid overtime. Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of over 100 loan officers in this case.

**Kutcher, et al. v. B&A Associates**                                    11/20/06 - Final Approval
*No. 03 CH 07610 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking damages based on alleged security deposit violations. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

**Ciesla, et al. v. Lucent Technologies, Inc.**                                    7/31/06 - Final Approval
*No. 05-cv-1641 (United States District Court for the Northern District of Illinois)*
The firm's partners served as co-lead counsel in this breach of contract class action against a high-tech communications company. Mr. Stephan and Mr. Zouras helped obtain a seven-figure settlement on behalf of the class.

**Casale, et al. v. Provident Bank**                                    7/25/05 - Final Approval
*No. 04-cv-2009 (United States District Court for the District of New Jersey)*
The firm's partners served as co-lead counsel in this case brought on behalf of a collective class of over 100 loan officers

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

who were seeking damages based on wage and hour violations of the FLSA. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of the Plaintiffs.

**Corbin, et al. v. Barry Realty**                                          **3/22/05 - Final Approval**
*No. 02 CH 16003 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund and interest on their security deposits as called for by the Chicago Residential Landlord Tenant Ordinance. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

## BIOMETRIC INFORMATION PRIVACY CLASS ACTION LAWSUITS

**Our firm is at the forefront of BIPA litigation to protect the biometric data and privacy of employees and consumers. We have brought numerous class action lawsuits against employers and other retail businesses who have collected biometric data without consent and without instituting the proper safeguards including;**

- **Battles, et al v. Southwest Airlines Co., et al.**
  *No. 2018-CH-09376 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bello, et al. v. The Parc at Joliet, LLC**
  *No. 2018-CH-1888 (Circuit Court of Will County, State of Illinois)*
- **Brown, et al. v. Weathertech**
  *No. 2019-CH-00503 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bryant, et al. v. Loews Chicago Hotel, Inc., et al.**
  *No. 2018-CH-09477 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bryski, et al. v. Nemera Buffalo Grove, LLC, et al.**
  *No. 2018-CH-07264 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cacy, et al. v. Agco Corporation, et al.**
  *No. 2018-CH-09968 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cameron, et al. v. Polar Tech Industries, Inc., et al.**
  *No. 2018-CH-10001 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Chatman, et al. v. Crate and Barrel**
  *No. 2018-CH-09277 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cothron v. White Castle, et al.**
  *No. 2018-CH-15233 (Circuit Court of Cook County, Chancery Division)*
- **Crooms, et al. v. Southwest Airlines**
  *No. 2019-CH-01610 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Diaz, et al. v. Silver Cross Hospital**
  *No. 2018-CH-1327 (Circuit Court of Will County, State of Illinois)*
- **Doporcyk, et al. v. Mariano's**
  *No. 17-cv-05250 (United States District Court for the Northern District of Illinois)*
- **Dixon, et al. v. Smith Senior Living**
  *No. 17-cv-08033 (United States District Court for the Northern District of Illinois)*
- **Edmond, et al. v. DPI Specialty Foods, Inc., et al.**
  *No. 2018-CH-09573 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fields, et al. v. Abra Auto Body & Glass**

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM   2019CH04411

*No. 17-CH-12271 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Figueroa, et al. v. Tony's Fresh Market, et al.**
  *No. 2018-CH-15728 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **George, et al. v. Marriot International, Inc., et al.**
  *No. 2018-CH-04413 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Goings, et al. v. Applied Acoustics**
  *No. 17-CH-14954 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al. v. St. Bernard Hospital, et al.**
  *No. 2017-CH-16828 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al v. THC-North Shore, Inc.**
  *No. 2017-CH-16918 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Henderson, et al. v. ADP, LLC, et al.**
  *No. 2018-CH-07139 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Jackson, et al. v. A. Finkl & Sons, Co., et al.**
  *No. 2018-CH-07424 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Johns, et al. v. Club Fitness of Alton, LLC**
  *No. 2018-L-000080 (Circuit Court of Madison County, Law Division, State of Illinois)*
- **Johnson, et al. v. Gold Standard Baking, Inc., et al.**
  *No. 2018-CH-09011 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Jones, et al. v. Hooters Management Corporation, et al.**
  *No. 2018-Ch-00908 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Kane, et al. v. Con-Tech Lighting, et al.**
  *No. 2018-CH-12194 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Kardos, et al. v. ABT Electronics, Inc.**
  *No. 2019-CH-01235 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Krause, et al. v. Caputo's New Farm Produce, et al.**
  *No. 2018-Ch-11660 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Liu, et al. v. Four Seasons**
  *No. 17-CH-14949 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mazya, et al. v. Northwestern Lake Forest Hospital, et al.**
  *No. 2018-CH-07161 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mims, et al. v. Hilton**
  *No. 17-CH-15781 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Morris, et al. v. Imperial Towers Condominium Assn.**
  *No. 2018-CH-00989 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Morris, et al. v. Wow Bao**
  *No. 17-CH-12029 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mosby, et al. v. The Ingalls Memorial Hospital, et al.**
  *No. 2018-CH-05031 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Ogen, et al. v. Wyndham Hotels & Resorts**
  *No. 17-CH-15626 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Peaks-Smith, et al. v. Saint Anthony Hospital, et al.**
  *No. 2018-CH-07077 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Ramsey, et al. v. Daley's Medical Transportation, Inc.**
  *No. 2018-CH-01935 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Robertson, et al. v. Hostmark Hospitality Group, Inc., et al.**

**STEPHAN**ZOURAS, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 4/10/2019 2:47 PM    2019CH04411

*No. 2018-CH-05194 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Sanchez, et al v. Elite Labor Services**
  *No. 2018-CH-02651 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Stidwell, et al. v. NFI, LLC, et al.**
  *No. 2018-CH-13599 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Tellado, et al. v. Rich Products Corporation, et al.**
  *No. 2018-CH-07627 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Thome, et al. v. Flexicorps, Inc.**
  *No. 2018-CH-01751 (Circuit Court of Cook County, Chancery Division)*
- **Thurman, et al. v. Northshore University HealthSystem**
  *No. 2018-CH-03544 (Circuit Court of Cook County, Chancery Division)*
- **Treadwell, et al. v. Power Solutions International, Inc., et al.**
  *No. 2018-CH-13574 (Circuit Court of Cook County, Chancery Division)*
- **Watts, et al. v. Chicago Lakeshore Hospital**
  *No. 17-cv-07713 (United States District Court for the Northern District of Illinois)*
- **White v. East Side Child Development Center, et al.**
  *No. 2018-CH-09599 (Circuit Court of Cook County, Chancery Division)*

C H I C A G O        •        P H I L A D E L P H I A        •        C H A R L O T T E

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
4/25/2019 1:43 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04411

4824710

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 4/25/2019 1:43 PM    2019CH04411

| | |
|---|---|
| AISHA NAMUWONGE, individually, and on behalf of all others similarly situated, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BROOKDALE SENIOR LIVING, INC. and KRONOS, INC., | ) |
| | ) |
| Defendants. | ) |

Case No. 19-CH-04411

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **April 29, 2019 at 10:45 AM** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Raymond W. Mitchell, or any judge sitting in his stead, in the courtroom usually occupied by him at 50 W. Washington St., Chicago, IL, Room 2601 and present **PLAINTIFF'S MOTION FOR SUBSTITUTION OF JUDGE AS OF RIGHT.**

/s/ Catherine T. Michell
Catherine T. Michell
James B. Zouras
Ryan F. Stephan
**STEPHAN ZOURAS, LLP**
100 North Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
Firm ID: 43734
cmitchell@stephanzouras.com
jzouras@stephanzouras.com
rstephan@stephanzouras.com

FILED DATE: 4/25/2019 1:43 PM   2019CH04411

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on April 25, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

_/s/ Catherine T. Mitchell_

FILED
4/25/2019 1:14 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04411
4823918

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| AISHA NAMUWONGE, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-CH-04411 |
| v. | ) ) | |
| BROOKDALE SENIOR LIVING, INC., and KRONOS, INC. | ) ) ) | Judge Raymond W. Mitchell |
| Defendants. | ) | |

FILED DATE: 4/25/2019 1:14 PM  2019CH04411

## PLAINTIFF'S MOTION FOR SUBSTITUTION OF JUDGE AS OF RIGHT

NOW COMES the Plaintiff, Aisha Namuwonge ("Plaintiff"), by and through her undersigned counsel and hereby moves this Court pursuant to 735 ILCS § 5/2-1001 for a substitution of judge as of right and states as follows:

1. Section 2-1001 of the Illinois Code of Civil Procedure entitles a party to one substitution of judge without cause and as of right.

2. Section 2-1001(a)(2)(ii) provides that "[a]n application for substitution of judge as of right . . . shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties." 735 ILCS § 5/2-1001.

3. As of the date of this Motion, no rulings on any substantial issues in the case have been issued.

4. Plaintiff wishes to exercise her right to substitute, pursuant to 735 ILCS § 5/2-1001(a)(2).

FILED DATE: 4/25/2019 1:14 PM   2019CH04411

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that this Court grant her Motion for a substitution of judge as of right.

Dated: April 25, 2019                    Respectfully Submitted,

                                         /s/ Catherine T. Mitchell

                                         Ryan F. Stephan
                                         Catherine T. Mitchell
                                         **STEPHAN ZOURAS, LLP**
                                         100 N. Riverside Plaza, Suite 2150
                                         Chicago, IL 60606
                                         312-233-1550
                                         312-233-1560 *f*
                                         Firm ID: 43734
                                         cmitchell@stephanzouras.com

                                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on April 25, 2019, I electronically filed the attached with the Clerk of the Court using the electronic system which will send such filing to all attorneys of record.


                                              /s/ Catherine T. Mitchell

2

Return Date: No return date scheduled
Hearing Date: 8/8/2019 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
    Cook County, IL

Appearance      **(12/30/15) CCL N530**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
4/26/2019 11:25 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04411

AISHA NAMUWONGE, individually, and on behalf of all others similarly situated,

                                                                  Plaintiff

4836711

No.   2019 CH 04411

v.

BROOKDALE SENIOR LIVING, INC. and KRONOS, INC.

                                                 Defendant

Calendar:   02

## APPEARANCE

☑ GENERAL APPEARANCE      0900 - APPEARANCE - FEE PAID;  0909 - APPEARANCE - NO FEE;
                                             0904 - APPEARANCE FILED - FEE WAIVED

☐ JURY DEMAND                  1900 - APPEARANCE & JURY DEMAND - FEE PAID
                                             1909 - APPEARANCE & JURY DEMAND - NO FEE

The undersigned enters the appearance of:      ☐   Plaintiff      ☑   Defendant

Kronos Incorporated

(Insert litigant's name.)

/s/ Melissa A. Siebert

                                             Signature

☑ INITIAL COUNSEL OF RECORD        ☐ PRO SE
☐ ADDITIONAL APPEARANCE            ☐ SUBSTITUTE APPEARANCE

     A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.

☑ Atty. No.:   58950        ☐ Pro Se  99500

(Please complete the following contact information.)

Name:   Shook Hardy & Bacon, LLP

Atty. for:   Kronos Incorporated

Address:   111 S. Wacker Dr., Suite 4700

City/State/Zip:   Chicago, IL  60606

Telephone:   (312) 704-7700

Primary Email:   masiebert@shb.com

Secondary Email:   mneubeck@shb.com

Tertiary Email:   docket@shb.com

**Pro Se Only:** ☐ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Transfer Order Within Division

(Rev. 12/16/10) CCCH 0601

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

Namuwongu

v.

Brookdale Senior Living Inc., and
Krones, Inc.

No. 19-CH-04411

## TRANSFER ORDER WITHIN DIVISION

The above-entitled and numbered cause having been previously assigned to Judge

Raymond Mitchell , Chancery Calendar # 2 , said Judge having

**4311** ☒ granted a change of Judge. 735 ILCS § 5/2-1001

**8211** ☐ recused himself/herself.

For the following reasons: pursuant to 735 ILCS § 5/2-1001, substitution of Judge as of right.

**4282** It is hereby transferred to Judge Moshe Jacobius, Presiding Judge of the Chancery
Division for the purpose of reassigning said cause.

Judge Raymond W. Mitchell

APR 29 2019

_____
Judge                                    Circuit Judge No. 1992

**8202** IT IS HEREBY ORDERED that the above-entitled cause is hereby forwarded to
DOROTHY BROWN, Clerk of the Circuit Court of Cook County for reassignment.
IT IS FURTHER ORDERED that said Clerk shall draw a new calendar number by
random electronic process from the category bank designated in the original pleading.

_____          No. 1556
MOSHE JACOBIUS
PRESIDING JUDGE
CHANCERY DIVISION

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Transfer Order Within Division          (Rev. 12/16/10) CCCH 0601

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Namuwonge

v.

Brookdale Senior Living Inc., and Kronos, Inc.

No. 19-CH-04411

## TRANSFER ORDER WITHIN DIVISION

The above-entitled and numbered cause having been previously assigned to Judge

Raymond Mitchell _____, Chancery Calendar # 2 _____, said Judge having

4311 ☒ granted a change of Judge. 735 ILCS § 5/2-1001

8211 ☐ recused himself/herself.

For the following reasons: pursuant to 735 ILCS § 5/2-1001, substitution of judge as of right.

4282      It is hereby transferred to Judge Moshe Jacobius, Presiding Judge of the Chancery Division for the purpose of reassigning said cause.

Judge Raymond W. Mitchell

APR 29 2019

_____
Judge              Circuit Judge No. 1992

8202      IT IS HEREBY ORDERED that the above-entitled cause is hereby forwarded to DOROTHY BROWN, Clerk of the Circuit Court of Cook County for reassignment. IT IS FURTHER ORDERED that said Clerk shall draw a new calendar number by random electronic process from the category bank designated in the original pleading.

_____      No. 1556
MOSHE JACOBIUS
PRESIDING JUDGE
CHANCERY DIVISION

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



FILED DATE: 5/1/2019 10:10 AM   2019CH04411

# SANGAMON COUNTY SHERIFFS OFFICE

### *"Keeping the Peace Since 1821"*

*JACK CAMPBELL*
#1 Sheriffs Plaza
Springfield, IL 62701

Administration - (217) 753-6855
Records - (217) 753-6846

Investigations - (217) 753-6840
Corrections - (217) 753-6886

SG TRACKING #19- 2491

I, ___law___ certify that I served this summons as follows:

☐ **Personal service on an individual, by leaving a copy of the summons and complaint with the defendant personally**

☐ **Abode service on an individual, by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.**

☑ **Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.**

☐ **Other service, as described below.**

Case Number ___19-Ch-04411___

Name of defendant ___Brookdale Senior Living Inc.___

Name of other person
Summons left with ___Tyler Fuchs___

Sex: ( Ⓜ / F )  Race: ___W___  Approx. Age: ___30___

Date of Service ___4-18-19___ /2019  Time ___1200 P.m.___

Date of Mailing _____

Address at which paper was served:
___801 Stevenson___

_____

**Service fees (Circle One) $50.00 or $100.00**

**Circle One:   PAID   PAUPER   NO CHARGE**

Return Date: No return date scheduled
Hearing Date: 8/27/2019 9:30 AM - 9:30 AM
Courtroom Number: 2308
Location: District 1 Court
Cook County, IL

FILED
5/1/2019 10:10 AM
DOROTHY BROWN
COOK COUNTY, IL
CIRCUIT CLERK
2019CH04411

4886615

**Jack Campbell, Sheriff of Sangamon County Sheriff's Office**

By ___law___ , Deputy # ___2491___

## IN PARTNERSHIP WITH THE COMMUNITY

FILED DATE: 5/1/2019 10:10 AM   2019CH04411

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on May 1, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.


　　　/s/ Catherine T. Mitchell

Return Date: No return date scheduled
Hearing Date: 8/27/2019 9:30 AM - 9:30 AM
Courtroom Number: 2308
Location: District 1 Court
        Cook County, IL

Appearance                                                           (12/30/15) CCL N530

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
5/3/2019 12:57 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04411

AISHA NAMUWONGE,

                                               Plaintiff

                    v.

BROOKDALE SENIOR LIVING, INC. and KRONOS, INC.,

                                               Defendant

No.  2019-CH-04411

4925018

Calendar:  05

FILED DATE: 5/3/2019 12:57 PM  2019CH04411

## APPEARANCE

☑  GENERAL APPEARANCE         0900 - APPEARANCE - FEE PAID;  0909 - APPEARANCE - NO FEE;
                             0904 - APPEARANCE FILED - FEE WAIVED

☐  JURY DEMAND               1900 - APPEARANCE & JURY DEMAND - FEE PAID
                             1909 - APPEARANCE & JURY DEMAND - NO FEE

The undersigned enters the appearance of:       ☐   Plaintiff     ☑   Defendant

Defendant BROOKDALE SENIOR LIVING, INC.

_____

(Insert litigant's name.)

                                              /s/ Bonnie DelGobbo
                                              _____
                                                           Signature

☑ INITIAL COUNSEL OF RECORD          ☐ PRO SE
☐ ADDITIONAL APPEARANCE              ☐ SUBSTITUTE APPEARANCE

    A copy of this appearance shall be given to all parties who have appeared and have not been found by the
Court to be in default.

☑ Atty. No.:  46365              ☐ Pro Se  99500

(Please complete the following contact information.)

Name:  Baker & Hostetler LLP / Bonnie Keane DelGobbo

Atty. for:  Defendant BROOKDALE SENIOR LIVING, INC.

Address:  One North Wacker Drive, Suite 4500

City/State/Zip:  Chicago, Illinois 60606

Telephone:  (312) 416-6200

Primary Email:  bdelgobbo@bakerlaw.com

Secondary Email:  jcgriswold@bakerlaw.com

Tertiary Email:  kkrchmery@bakerlaw.com

**Pro Se Only:** ☐ I have read and agree to the terms of
the Clerk's Office Electronic Notice Policy and choose
to opt in to electronic notice from the Clerk's office for
this case at this email address:

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1